Oscar Garcia
16641 Pinnacle Peak
Riverside, CA, 92503

Petitioner and Defendant, In Pro Se

```
                                    FILED
                        CLERK, U.S. DISTRICT COURT

                              DEC 2 4 2020

                        CENTRAL DISTRICT OF CALIFORNIA
                        BY        OTA          DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT, CALIFORNIA

Redwood Holdings, LLC,

                 Plaintiff,

vs.

Kmog, LLC, Flor Perez, Oscar Garcia
DOES 1-10, Inclusive,

                 Defendants

NO. 5:20cv2657-JWH-SHKx
            CAS

Riverside Superior Court,
Corona District
Case # COC2004547

NOTICE OF REMOVAL
[28 USC 1441,1446(d)]
[Calif. CCP 430.90]

Defendant Oscar Garcia alleges:

<u>Parties and Counsel</u>

1. Defendants Kmog LLC, Flor Perez and Oscar Garcia and Plaintiff Redwood Holdings,LLC,
are those parties in a California State Court filed in the Corona Courthouse, in Riverside
County, California, concerning real property located at 16641 Pinnacle Peak Ct, Riverside, CA,
92503
[hereafter "premises"], within this court's jurisdiction.

2. Defendant Oscar Garcia is the former owner of the premises.

3. Whereas his action was filed in California State Court only against the former owner of the
premises, Defendant Oscar Garcia filed the document required by California law to
intervene without leave of court, the Claim of Right to Possession, such that Petitioner
Oscar Garcia is a valid Defendant under California Code of Civil Procedure §1174.25, 28

1   entitled to remove this action.

2   4. Plaintiff is represented by local counsel in the State Court action: **Sam Chandra, 710 S Myrtle**

3   **Av # 600, Monrovia, Ca 91016**

4   **Federal Question**

5   5. Plaintiff has actually filed a Federal Question action in State Court, for which the State Court

6   action is removed under 28 U.S.C. 1441 *et seq.* and *Hunter v. Philip Morris USA*, 582 F.3d

7   1039, 1042 (9th Cir.2009); 28 USC 1331.

8   6. The federal legislation effective May 21, 2009, as amended in July, 2010, as Public Law 111-

9   203 [reinstated after the 2014 Sunset clause was repealed as of June, 2018 under SB 2155

10  (2018), Sec 304], the "Protecting Tenants at Foreclosure Act of 2009," 12 USC 5220, note.

11  [hereafter "PTFA"] *preempts* State law as to bona fide residential tenants of foreclosed landlords

12  *[Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142-43 (1963) (concept of

13  limited preemption)];

14          a. Whereas under California law, a foreclosure automatically terminated any junior rental

15  agreements [*Bank of America v. Hirsch Merc. Co.* (1944) 64 Cal. App.2d 175, 182], Section

16  702(a)(2) of the PTFA makes the purchaser at the foreclosure sale *subject to* the rights of

17  existing bona fide tenants. The tenancy is protected by federal law:

18          b. Whereas under California law, a foreclosure eviction may be filed after as little as 30

19  days' notice of termination [California Civil Code §§1161a, 1161b], the PTFA requires that a

20  full 90 days' notice be given [PTFA §701(a)(1)] in every case.

21          c. It is impossible to evict a bona fide residential tenant of a foreclosed landlord in

22  California under State law, since the cause of action is purely a Federal one in ejectment. .

23  7. The Complaint in this action was filed in State Court as artful pleading, entitled by the State

24  Court as Unlawful Detainer, the State Court name, but alleging the right to possession under

25  only California law.

26          a. The 3- and 90-day Notice to Quit upon which the Complaint is based includes that it is

27  a 90-day notice to tenants, and that it was served on September 23, 2020, and the Unlawful

28                                                                                                    Detainer

1  Action was filed on September 29, 2020. Had Petitioner been a month-to-month tenancy, that
2  service would have satisfied the PTFA requirements.

3      b. However, Petitioner is a tenant with an unexpired lease, such that under Subsection
4  702(a)(2)(A) of the PTFA, Plaintiff cannot serve the 90-day notice Defendant prior to the end of
5  that lease unless and until the Plaintiff is, or has a buyer who is, going to occupy the premises as
6  their primary residence, which Plaintiff had not alleged.

7      c. Plaintiff seeks to evict all occupants, including tenants of the former owners, referred to
8  vaguely as Does and "All other occupants" and "Any other occupants". Thus, in order to evict
9  the bona fide residential tenant of a foreclosed landlord, Plaintiff was required to state a cause of
10  action under the PTFA, but sought to avoid those protections by filing the action as an "unlawful
11  detainer" under State law by artful pleading.

12  8. A well-pleaded complaint is shown at least where the Plaintiff's right to relief necessarily
13  depends on resolution of a substantial question of federal law. *Armstrong v. N. Mariana Islands,*
14  576 F.3d 950, 954-55 (9th Cir.2009); *Empire Healthcare Assurance v. McVeigh* 547 US 677,
15  689-690 (2006); *Franchise Tax Bd. v. Const. Laborers Vacatoin Trust for S. Cal.* 463 US 1, 12,
16  27-28 (1983). Here, the Complaint must be based upon the PTFA, but it was brought in State
17  court, and misnomered "unlawful detainer."

18  9. Even where the cause of action is based on state law, the district court has subject matter
19  jurisdiction over the case if (1) the federal issues are essential to the claims, (2) there is a
20  substantial federal interest in resolving such issues, and (3) a federal forum may entertain the
21  state law claims without disturbing the balance of federal and state judicial responsibilities.
22  *Grable & Sons Metal Prods v. Darue Eng.r & Mfg.* 545 US 308, 313, 315 (2005).

23  10. Here, the PTFA is essential to the right of possession, Congress passed and reinstated the
24  PTFA to express its substantial interest in such issues, and the "balance" of judicial
25  responsibilities will not be disturbed. Petitioner's rights to possession require application of the
26  PTFA, because California law does not entitle Petitioner to possession where the former owner
27  are also still in possession, whereas the PTFA makes no such distinction.

28

11. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept of Health and Envtl Quality* 213 Fed 3d 1108, 1114 (9th; 2000)], the Complaint attempts to state a cause of action in PTFA ejectment, but cannot state a cause of action in State unlawful detainer. The PTFA is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

12. To be a federal cause of action, there must also be a private right of action. *Merrill Dow Pharms. Inv v. Thompson* 478 US 804, 817 (1986). It can be either express or implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229–1230 (9th Cir. 2008). The Court must look to the "rights creating" language and statutory structure within which it is contained. *Lamie v. United States Trustee* 540 US 526, 534 (2004). The Court must assume that Congress did not intend to create a right without a remedy. *First Pacific Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

13. The four criteria of *Cort v. Ash* 422 US 66 (1975) are satisfied:

    a. Defendant Oscar Garcia is part of the protected class for whom the statute, the "Protecting Tenants at Foreclosure Act" was created

    b. The rights-creating language of the PTFA, its context, and the legislative history. *Opera Plaza Residential Parcel Homeowners Assn: v. Hoang* 376 Fed: 3d 831, 836 (2004, 9th Cir) are underscored by

        i. the language of the PTFA, particularly §702(a),

        ii. the lack of any other specified enforcement mechanism [*First Pacific Bancorp Inc v. Helfer* 224 Fed 3d 1117m 1123 (2000, 9th Cir.); *Williams v. United Airlines, Inc.* 500 Fed 3d, 1019, 1024 (9th, 2007)], and

        iii. the legislative history, particularly the 2018 reinstatement of the PTFA.

    c. The cause of action is consistent with the underlying purpose of the law: balancing the rights of the parties.

    d. The "traditional status" of evictions as a State cause of action is the weakest of the criteria [*First Pacific Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1127 (9th Cir. 2000)], particularly

1 | where here, as in Civil Rights legislation, Congress intended to occupy the field and break

2 | tradition, with a bold new law intended to protect tenants whose landlords did not use the rent

3 | money to pay the mortgage, in a distressed economy, under the Supremacy Clause.

4 | 14. The PTFA is not a defense, but the entire basis for the action to eject a bona fide residential

5 | tenant of a foreclosed landlord. Plaintiff must prove its entitlement to possession under the

6 | PTFA, being the only applicable law under these narrow circumstances. Even without any

7 | defense of the PTFA being raised, Plaintiff cannot state a cause of action to remove such a tenant

8 | without framing the prima facie case in the language of the PTFA. The notice purports to comply

9 | with California law, but has in fact patently violated the PTFA. Under the PTFA, Plaintiff would

10 | be unable to evict any such tenant.

11 | 15. The federal cause of action in ejectment is the basis for this action, irrespective of artful

12 | pleading, such that this action could have been brought in Federal District Court.

13 | **Removed Action**

14 | 16. A true and correct copy of the State Court Complaint of the action, Defendant Oscar

15 | Garcia Claim of Right to Possession, sought to be removed to this Court are attached hereto

16 | and incorporated herein by reference.

17 | 17. Defendant Oscar Garcia is the bona fide residential tenant of a foreclosed landlord,

18 | entitled to the protection of the PTFA, and entitled to remove this action to Federal Court.

19 | 18. Under California Code of Civil Procedure §430.90, the State trial court hereby loses

20 | jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at

21 | all, until and unless this action is remanded to the State Court, after which jurisdiction will again

22 | attach as described in that statute.

23 | DATED: December 22, 2020

24 | /S/

25 | Oscar Garcia,
Defendant, in pro per

26 |

27 |

28 |

1

2 ## PROOF OF SERVICE BY MAIL

3 STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

4      I am employed in the County of Riverside, California at PO Box 2417, Idyllwild, CA 92549. I am over the age of 18 and not a party to the within action.

5      On December 22, 2020, I served the notice of removal and notice of stay on the opposing party(s) in this action by placing a true copy thereof enclosed in a sealed envelope

6 with postage thereon fully prepaid in the United States mail at <u>Corona</u>, California, addressed to:

7

8      **Sam Chandra, 710 S Myrtle Ave # 600, Fullerton CA 91016**

      I declare under penalty of perjury under the laws of the United States that the above is
9 true and correct. Executed on December 22, 2020 at Corona, California

10

Kenia Martinez
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUMMONS**
*(CITACIÓN JUDICIAL)*

**UNLAWFUL DETAINER—EVICTION**
*(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)*

KMOG, LLC; Flor Perez; and Does 1 to 10

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REDWOOD HOLDINGS, LLC

**SUM-130**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Riverside

9/29/2020
M. Yingst
Electronically Filed

| | |
|---|---|
| NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. | ¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante. |
| A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court. | Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia. |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), or by contacting your local court or county bar association. | Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local. |
| FEE WAIVER: If you cannot pay the filing fee, ask the clerk for a fee waiver form. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. | EXENCIÓN DE CUOTAS: Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso. |

1. The name and address of the court is: SUPERIOR COURT OF CALIFORNIA, *(El nombre y dirección de la corte es):* COUNTY OF RIVERSIDE

505 South Buena Vista Avenue Suite 201
Corona CA 92882

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sam Chandra SBN 203942

(626) 256-4999

CASE NUMBER *(número del caso):*

**COC2004547**

Law Offices of Sam Chandra, APC
710 S. Myrtle Ave., # 600
Monrovia, CA 91016-2171

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. September 1, 2019]

SUMMONS—UNLAWFUL DETAINER—EVICTION

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courts.ca.gov

SUM-130

| | |
|---|---|
| PLAINTIFF (Name): Redwood Holdings, LLC | CASE NUMBER: |
| DEFENDANT (Name): KMOG, LLC; Flor Perez | COC2004547 |

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) [ X ] did not [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

4. Unlawful detainer assistant *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant)*:

   a. Assistant's name:

   b. Telephone no.:

   c. Street address, city, and zip:

   d. County of registration:

   e. Registration no.:

   f. Registration expires on *(date)* :

| | | | |
|---|---|---|---|
| Date: (Fecha) | 9/29/2020 | Clerk, by (Secretario) | , Deputy (Adjunto) |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (form POS-010).)*

[SEAL]

5. **NOTICE TO THE PERSON SERVED:** You are served

   a. [ ] as an individual defendant.

   b. [ ] as the person sued under the fictitious name of *(specify)*:

   c. [ ] as an occupant.

   d. [ ] on behalf of *(specify)*:

   under: [ ] CCP 416.10 (corporation).    [ ] CCP 416.60 (minor).

   [ ] CCP 416.20 (defunct corporation).    [ ] CCP 416.70 (conservatee).

   [ ] CCP 416.40 (association or partnership).    [ ] CCP 416.90 (authorized person).

   [ ] CCP 415.46 (occupant).    [ ] other *(specify)*:

   e. [ ] by personal delivery on *(date)*:

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Sam Chandra SBN 203942<br>Law Offices of Sam Chandra, APC<br>710 S. Myrtle Ave., # 600<br>Monrovia, CA 91016-2171<br>TELEPHONE NO.:                FAX NO.:<br>ATTORNEY FOR *(Name):*  PLAINTIFF | **FILED**<br>Superior Court of California<br>County of Riverside<br>9/29/2020<br>M. Yingst<br>Electronically Filed |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS:    505 South Buena Vista Avenue Suite 201
MAILING ADDRESS:   Corona CA 92882
CITY AND ZIP CODE: CORONA
BRANCH NAME:

CASE NAME:
Redwood Holdings, LLC v KMOG, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☐ Unlimited | ☒ Limited | ☐ Counter   ☐ Joinder | COC2004547 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☒ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☒ monetary  b.☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* one    unlawful detainer
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 09/29/20
Sam Chandra
_____          ►          _____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

SAM CHANDRA (# 203942)
LAW OFFICES OF SAM CHANDRA, APC
710 S. MYRTLE AVE., # 600
MONROVIA, CA 91016
(626)256-4999

ATTORNEYS FOR PLAINTIFF

**FILED**
Superior Court of California
County of Riverside
9/29/2020
M. Yingst
Electronically Filed

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

REDWOOD HOLDINGS, LLC,                    ) Case No. COC2004547
                                          )
                    Plaintiff,            ) UNLAWFUL DETAINER
        vs.                               ) SUPPLEMENTAL COVER SHEET
                                          )
KMOG, LLC, et al,                         ) CCP §1179.01.5
                                          )
and Does 1 to 10 INCLUSIVE,               )
                                          )
                    Defendants.           )
_____     )

UNLAWFUL DETAINER SUPPLEMENTAL COVER SHEET

1. This action seeks possession of real property that is:

a. [ x ] Residential

b. [   ] Commercial

2. (Complete only if paragraph 1(a) is checked) This action is based, in whole or in part, on an

alleged default in payment of rent or other charges.

a. [   ] Yes

b. [ x] No

Date: September 29, 2020

_____
Sam Chandra, Attorney for Plaintiff.

1 | SAM CHANDRA (# 203942)
LAW OFFICES OF SAM CHANDRA, APC
2 | 710 S. MYRTLE AVE., # 600
MONROVIA, CA 91016
3 | (626) 256-4999

4

ATTORNEYS FOR PLAINTIFF
5

6

7 | SUPERIOR COURT FOR THE STATE OF CALIFORNIA

8 | COUNTY OF RIVERSIDE

9

| | | |
|---|---|---|
| REDWOOD HOLDINGS, LLC | ) | Case No. |
| | ) | |
| | ) | COMPLAINT FOR UNLAWFUL |
| | ) | DETAINER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Action based on Code of Civil Procedure |
| KMOG, LLC; FLOR PEREZ | ) | Section 1161a  Foreclosure |
| | ) | |
| | ) | LIMITED CIVIL |
| | ) | |
| and Does 1 to 10, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | DEMAND EXCEEDS $ 10,000 |
| | ) | |

Plaintiff alleges as follows:

1. Plaintiff is a: Limited Liability Co

2. Plaintiff alleges a cause of action against the following person(s) hereinafter "Defendants" for
   Unlawful Detainer:  KMOG, LLC; Flor Perez

3. The true names or capacities, whether individual, corporate, associate, or otherwise, of
   Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said
   Defendants by such fictitious names.  Plaintiff is informed and believes and on such information

SAM CHANDRA (# 203942)
LAW OFFICES OF SAM CHANDRA, APC
710 S. MYRTLE AVE., # 600
MONROVIA, CA 91016
(626) 256-4999

ATTORNEYS FOR PLAINTIFF

**FILED**
Superior Court of California
County of Riverside

9/29/2020
M. Yingst

Electronically Filed

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| REDWOOD HOLDINGS, LLC | ) Case No. **COC2004547** |
| | ) |
| | ) |
| | ) COMPLAINT FOR UNLAWFUL |
| | ) DETAINER |
| Plaintiff, | ) |
| | ) |
| vs. | ) Action based on Code of Civil Procedure |
| KMOG, LLC; FLOR PEREZ | ) Section 1161a   Foreclosure |
| | ) |
| | ) LIMITED CIVIL |
| | ) |
| | ) |
| and Does 1 to 10, | ) |
| | ) |
| | ) |
| Defendants. | ) DEMAND EXCEEDS $ 10,000 |

Plaintiff alleges as follows:

1. Plaintiff is a: Limited Liability Co

2. Plaintiff alleges a cause of action against the following person(s) hereinafter "Defendants" for Unlawful Detainer: KMOG, LLC; Flor Perez

3. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information

COMPLAINT FOR UNLAWFUL DETAINER

and belief alleges, that each of the Defendants designated herein as DOE was legally responsible in some manner for the events and happenings herein referred to and legally caused damages approximately thereby to Plaintiff as herein alleged.

4. On 09/01/2020 Plaintiff became the owner of real property by purchasing said property at a foreclosure sale.

5. Title under this sale has been duly perfected.

6. Pursuant to the recitations contained within the Trustee's Deed Upon Sale, the foreclosure sale, and all required notices were accomplished in compliance with CC §2924 et. seq..

7. The Real Property as stated above bears the APN number of: 135501002

8. The Real Property as stated above is located at: 16641 Pinnacle Peak Court, Riverside, CA 92503, County of RIVERSIDE

9. No landlord/tenant relationship exists between the purchaser and the Defendants.

10. Since the date of sale, and continuing to present, Defendants have occupied said premises without the consent or authorization of the purchaser.

11. Defendants' title, if any, to said premises, that existed prior to the date of sale, was extinguished by said sale.

12. On 09/23/20    , Plaintiff caused to be served on the Defendants a written notice in compliance with the Code of Civil Procedure, Section 1161a et seq., requiring and demanding that Defendant(s) quit and deliver up possession of the premises within    3    days.

13. More than    3    days have elapsed since the service of said notice. The notice has expired, but Defendants have failed and refused, and continues to fail and refuse, to quit and deliver up possession of the premises, Defendant(s) now being in possession thereof.

14. The reasonable rental rate of the premises is $ 4,250.00    per month. The daily rate based upon a 30 day month is $ 141.67.

15. Plaintiff is being damaged by the detention of this property in the sum of not less than $ 141.67 per day for the use and occupancy of said premises, and will continue to sustain damages at said rate for so long as Defendants remain in possession of the premises.

16. Plaintiff has not received any rents or other compensation from the Defendant(s).

17. The Defendants hold-over and continue in possession of the premises.  Said hold-over and
continued possession is willful, intentional, deliberate, and without permission or consent of
Plaintiff.  Plaintiff is entitled to immediate possession of the premises.

18. The premises are located in the above-entitled judicial district.

19. Defendants have had use and enjoyment of the premises, at the detriment of Plaintiff from the
date of the service of the notice through today and will continue to enjoy the same through the
date of entry of judgment or the date Plaintiff is finally able to recover possession of the
premises.

    WHEREFORE, Plaintiff prays against Defendants, and each of them, as follows:

1.    For restitution and possession of the premises;

2.    For damages in the amount of $141.67 per day or as allowed by law from  09/29/20
      to the date of entry of judgment, or recovery of possession of the premises;

3.    For Plaintiff's costs of suit;

4.    For such other and further relief as the Court may deem just and proper.

Executed  09/29/20


                                    Sam Chandra, Esq
                                    Attorney for Plaintiff


                            EXHIBIT LIST:

The following exhibits are attached and incorporated into the complaint by reference:
        1. Verification to Complaint
        2. Deed
        3. Notice and proof of service.

MC-0:

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**ATTACHMENT** (Number):

(This Attachment may be used with any Judicial Council form.)

Page 1 of 1

(Add pages as required.)

## VERIFICATION of the Complaint:

I am:

[ ] the Plaintiff;

[ ] an Officer of the Plaintiff in this action, and am authorized to make this verification for and on its behalf.

[ ] a partner of the Plaintiff in this action, and am authorized to make this verification for and on its behalf.

[X] an agent of the Plaintiff in this action, and am authorized to make this verification for and on its behalf. The matters stated in the forgoing document are true of my own knowledge except as to those matters stated on information and belief, and as to those matters I believe them to be true. I am the person most knowledgeable for the matters contained within the complaint and for that reason I make this verification.

I request that a facsimile whether by traditional fax or by "scan and e-fax or e-mail" be accepted as an original pursuant to CRC 2.305(d).

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct. Executed in Redondo Beach _____, California. Pursuant to Code of Civil Procedure, Sections 2015.5 and 396a.

Olivia Reyes                    9/29/2020

(Name, printed or typed)    (Date)            (Signature)

Pursuant to Evidence Code, § 1521 and Calif. Rules of Court, Rule 2.305(d), a signature hereon, in any, produced by facsimile transmission is admissible as an original.

Declaration of Attorney re Verification: My client has indicated to me that they are unable to proceed to my office to deliver a "wet ink signature", as such this document is either a faxed copy of the original or a scanned and e-mailed copy of the original. I request the court to accept it as an original per CRC 2.305(d).

Sam Chandra   9/29/2020

Notice:  This office often acts as a Debt Collector, any information provided will be used for this purpose.

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

Form Approved for Optional Use
Judicial Council of California
MC-025 [New July 1, 2002]

**ATTACHMENT**
to Judicial Council Form

Cal. Rules of Court, rule 982

Exhibit 1

DOC # 2020-0428641
09/11/2020 12:10 PM Fees: $23.00
Page 1 of 1
Record    , Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

PLEASE COMPLETE THIS INFORMATION
RECORDING REQUESTED BY:

SYNRGO, INC.

\*\*This document was electronically submitted
to the County of Riverside for recording\*\*
Receipted by: TAMMIE #535

AND WHEN RECORDED MAIL TO:
AND MAIL TAX STATEMENTS TO:

REDWOOD HOLDINGS, LLC

2015 MANHATTAN BEACH BLVD, STE 100

REDONDO BEACH, CA 90278

Space above this line for recorder's use only

TRUSTEE'S DEED UPON SALE

Title of Document    16641 PINNACLE PEAK COURT
RIVERSIDE, CA 92503

TRA: 053-012

DTT: $683.10

Exemption reason declared pursuant to Government Code 27388.1

[✓]    This document is a transfer that is subject to the imposition of documentary transfer tax.

[ ]    This is a document recorded in connection with a transfer that is subject to the imposition
of documentary transfer tax.
Document reference:_____

[ ]    This document is a transfer of real property that is a residential dwelling to an owner-
occupier.

[ ]    This is a document recorded in connection with a transfer of real property that is a
residential dwelling to an owner-occupier.
Document reference:_____

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
($3.00 Additional Recording Fee Applies)

ACR 238 (Rev. 01/2018)                    Available in Alternate Formats

RECORDING REQUESTED BY:

SYNRBO, INC.
AND WHEN RECORDED TO:

REDWOOD HOLDINGS, LLC
2015 MANHATTAN BEACH BLVD., STE 100
REDONDO BEACH, CA 90278

Forward Tax Statements to
the address given above

SPACE ABOVE LINE FOR RECORDER'S USE

TS #: 202-018971
Order #: 95523860
Property Address: 16641 PINNACLE PEAK COURT, RIVERSIDE, CA 92503

## TRUSTEE'S DEED UPON SALE

A.P.N.: 135-501-002

The Grantee Herein **was not** the Foreclosing Beneficiary.
The Amount of the Unpaid Debt together with costs was $604,959.29
The Amount Paid by the Grantee at the trustee sale was $621,000.00
Said Property is in the County of Riverside ( UNINCORPORATED AREA )
Transfer Tax: $ 683.10

PLM LOAN MANAGEMENT SERVICES, INC., as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby GRANT and CONVEY to REDWOOD HOLDINGS, LLC (herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the certain real property situated in the County of Riverside, State of California, described as follows:

SEE EXHIBIT "A" FOR LEGAL DESCRIPTION

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by KMOG, LLC, A SINGLE MEMBER DELAWARE LIMITED LIABILITY COMPANY as Trustor, dated 7/5/2016 recorded on 7/8/2016, as Instrument No. 2016-0285547, of the Official Records in the Office of the Recorder of Riverside, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County, and such default still existed at the time of sale.

Trustee having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior

DOC 2020-0428641  Page 4 of 4

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO IN THIS GUARANTEE IS SITUATED IN THE STATE OF **CALIFORNIA**, COUNTY OF **RIVERSIDE**, AND IS DESCRIBED AS FOLLOWS:

**PARCEL 1:**

LOT 62 OF TRACT NO. 28816, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER THAT TRACT MAP RECORDED IN BOOK 368 AT PAGES 74 THROUGH 92, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

**PARCEL 2:**

NON-EXCLUSIVE EASEMENT, IN COMMON WITH OTHER OWNERS, FOR INGRESS, EGRESS, USE AND ENJOYMENT, OVER, IN, TO, AND THROUGHOUT THE ASSOCIATION PROPERTY DESCRIBED IN THE SUPPLEMENTARY DECLARATION, RECORDED ON JUNE 7, 2007 AS INSTRUMENT NO. 2007-0374665 AND RE-RECORDED NOVEMBER 2, 2007 AS FILE NO. 2007-0672528, BOTH OF OFFICIAL RECORDS.

Assessor's Parcel Number: 135-501-002

DOC #2020-0428641 Page 3 of 4

to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

All requirements per California Statutes regarding the mailing, personal delivery of copies of Notice of Default and Election to Sell under Deed of Trust and the publication and posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on 9/1/2020. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$621,000.00**, in lawful money of the United States or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the time of the Trustee's Sale. Receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust at the time of Trustee's Sale.

If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the purchase price paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney.

In witness thereof, **PLM LOAN MANAGEMENT SERVICES, INC.**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date: 9/2/2020                    **PLM LOAN MANAGEMENT SERVICES, INC.**

By: _____
                    Elizabeth Godbey, Vice President

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF California
COUNTY OF Santa Clara

On 9/2/2020 before me, ELLEN JEFFREY, a Notary Public personally appeared, Elizabeth Godbey who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Name                                    (Seal)

ELLEN JEFFREY
Notary Public – California
Santa Clara County
Commission # 2180341
My Comm. Expires Feb 12, 2021

Form odspb–odspab/autodismi
Rev. 06/2017

# United States Bankruptcy Court
## Central District of California

3420 Twelfth Street, Riverside, CA 92501–3819

## ORDER AND NOTICE OF DISMISSAL FOR
## FAILURE TO FILE SCHEDULES, STATEMENTS AND/OR PLAN

**DEBTOR INFORMATION:**
Kmog LLC

**BANKRUPTCY NO.** 6:20–bk–16034–MH

**CHAPTER** 7

Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s)., (if any):  N/A
Employer Tax–Identification (EIN) No(s).(if any):  46–4559090
Debtor Dismissal Date: 9/21/20

**Address:**
16641 Pinnacle Peak Ct.
Riverside, CA 92503

It appearing that the debtor(s) in the above–captioned case has failed to file all the documents required under FRBP 1007 or 3015(b) within 14 days after the filing of the petition and no motion for an order extending the time to file the required documents has been timely filed in accordance with FRBP 1007(a)(5) or 3015(b),

IT IS HEREBY ORDERED THAT:

1)    The case is dismissed.

2)    The automatic stay is vacated.

3)    Any discharge entered in this case is vacated.

4)    The Court retains jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent provided by law.

Dated: September 21, 2020

By the Court,

**Kathleen J. Campbell**
Clerk of Court

Form odspb–odspab/autodismi Rev. 06/2017

11 / AUT

## NOTICE TO QUIT

**TO: KMOG, LLC and Flor Perez,** ~~m~~    ~~)er manager~~
**and all other persons and/or entities in possession of the real property commonly k..own as: 16641 Pinnacle Peak Court, Riverside California 92503 (the "Premises").**

1. **NOTICE IS HEREBY GIVEN** that Redwood Holdings, LLC purchased the Premises at OR AFTER a foreclosure sale held pursuant to the power of sale contained in a deed of trust in accordance with California Civil Code § 2924 and that title to the Premises has been duly perfected.

2. Redwood Holdings, LLC is unaware of the status of the occupant(s), and therefore provides notice to quit as provided below.

3. **ALL PERSONS IN POSSESSION**, (excluding those that fall into an exception below), **MUST VACATE WITHIN 3 DAYS. THIS DEMAND IS MADE PURSUANT TO Cal. Code Civ. Proc. § 1161a(b)(3);**

    a. **Exception #1:** [CCP § 1161b]: Notwithstanding the above: If you are a tenant or subtenant in possession of a rental housing unit, who rents or leases the rental housing unit either on a periodic basis from week to week, month to month, or other interval, or for a fixed period of time, you **MUST VACATE WITHIN 90 DAYS.**
    b. **Exception #2. [PTFA]** Notwithstanding the above : If you are a Bona Fide Tenant in possession of the premises, **THEN YOU MUST VACATE WITHIN 90 DAYS**; A tenancy is Bona Fide only if: (1) the mortgagor or the child, spouse, or parent of the mortgagor under the contract is not the tenant; (2) the lease or tenancy was the result of an arms-length transaction; and (3) the lease or tenancy requires the receipt of rent that is not substantially less than fair market rent for the property or the unit's rent is reduced or subsidized due to a Federal, State, or local subsidy.

**YOU ARE REQUIRED** to quit and surrender possession of the Premises or the portion in which you reside to Redwood Holdings, LLCor to the undersigned who is authorized to receive the same. Unless you vacate and deliver possession of the Premises within the time described above, an unlawful detainer (eviction) lawsuit may be filed against you to recover possession of the Premises, all damages (including monies pursuant to Code of Civil Procedure § 1174(b) and any other damages allowed by law), costs and attorneys' fees.

**Note:** If you: (i) have a tenancy that requires the monthly payment of rent; (ii) claim to be exempt from the above because you have a leasehold that survives foreclosure; (iii) have a tenancy that is protected under any local or State laws, such as rent control or other eviction control law; (iv) you are in possession of the Premises and your name does not appear on this notice - -please contact the following person and provide a copy of the written lease, and all rent receipts/ proof of tenancy: Olivia Reyes at 2015 Manhattan Beach Blvd Suite 100, Redondo Beach, CA 90278, (310)6403070 x 2110.

**Any person in possession claiming tenancy: PER CC §1946.2** You are notified, that: 1. The Owner is removing this unit from the rental market; 2. You have the right to relocation assistance in the amount of one month's rent or waiver of your last month's rent. You are hereby provided with relocation assistance in the amount of one month's rent through a rent waiver. No rent is due for the final month of your tenancy. The amount of this waiver is: $4,250.00. However, if you fail to vacate after the expiration of this notice, then the actual amount of rent waiver shall be recoverable as damages in an action to recover possession [CC §1946.2(d)(3)(B)].

**Note:** State law permits former occupants to reclaim abandoned personal property left at the former address of the occupant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact the owner as listed above, after being notified that property belonging to you was left behind after you moved out.

**Active Military:** If you are active in the United States Military or otherwise entitled to the benefits of the Service members Civil Relief Act (50 U.S.C. App. § 501 *et seq.*), please contact the undersigned immediately. Note, proof of status may be required and reviewed under Federal Law.

_9/22/2020_
_____                    _____
Date                                      Olivia Reyes, Authorized Agent of Owner

| Attorney of Party Without Attorney (Name and Address) | | | | Telephone No: | | FOR COURT USE ONLY |
|---|---|---|---|---|---|---|
| Law Offices of Sam Chandra | | | | (626)256-4999 | | |
| 710 S. Myrtle Avenue, # 600 | | | | Reference Number: | | |
| Monrovia | CA | | 91016 | 3781098 | 28578 | |
| Attorney For:PLAINTIFF | | | | | | |

| Plaintiff/Petitioner: | Radwood Holdings, LLC | | | | |
|---|---|---|---|---|---|
| Defendant/Respondent: | KMOG, LLC; et al. | | | | |

| PROOF OF SERVICE "FILE BY FAX" | Hearing Date: | Time: | Dept./Div.: | Case Number: NOTICE |
|---|---|---|---|---|

I, the undersigned declare that at the time of the service of the papers herein referred to, I was at least EIGHTEEN (18) years of age, and that I served the following notice:

Foreclosure Notice to Quit

On the following tenant(s): KMOG, LLC

Address:   16641 Pinnacle Peak Court
           Riverside, CA 92503

Date and Time of Posting:  9/23/2020 at 08:50am.

There being no person of suitable age or discretion to be found at the property, and a business address could not be ascertained, service was effected BY POSTING a copy for the above-named entity(s) in a conspicuous place on the property therein described, and thereafter by MAILING by first-class mail on said date a copy to each entity(s) by depositing said copies in the U.S. Mail in a sealed envelope with postage fully pre-paid, addressed to the above-named entity(s) at the place where the property is situated.

**FILE BY FAX PER CRC 2.303**

7. Person Serving  (name, address, and telephone No.):

**Attorney Service of San Dimas**
142 East Bonita Avenue, #51
San Dimas, CA 91773
(909)394-1202 Fax (909)394-1204

Fee for service: $   $45.00

E Ratliff

Registered California Process Server:

(I) Owner

(II) Registration No.: 2014334055 CCPS

(III) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9/24/2020

(Signature)

| Attorney or Party Without Attorney (Name and Address) | | | Telephone No.: | FOR COURT USE ONLY |
|---|---|---|---|---|
| Law Offices of Sam Chandra<br>710 S. Myrtle Avenue, # 600<br>Monrovia<br>Attorney For: PLAINTIFF | CA | 91016 | (626)256-4999<br>Reference Number:<br>3781099          26578 | |

| Plaintiff/Petitioner: | Redwood Holdings, LLC |
|---|---|
| Defendant/Respondent: | KMOG, LLC; et al. |

| **PROOF OF SERVICE**<br>**"FILE BY FAX"** | Hearing Date: | Time: | Dept./Div.: | Case Number:<br>NOTICE |
|---|---|---|---|---|

I, the undersigned declare that at the time of the service of the papers herein referred to, I was at least EIGHTEEN (18) years of age, and that I served the following notice:

Foreclosure Notice to Quit

On the following tenant(s): Flor Perez, member manager

Address:    16641 Pinnacle Peak Court
            Riverside, CA 92503

Date and Time of Posting:  9/23/2020 at 08:50am.

There being no person of suitable age or discretion to be found at the property, and a business address could not be ascertained, service was effected BY POSTING a copy for the above-named entity(s) in a conspicuous place on the property therein described, and thereafter by MAILING by first-class mail on said date a copy to each entity(s) by depositing said copies in the U.S. Mail in a sealed envelope with postage fully pre-paid, addressed to the above-named entity(s) at the place where the property is situated.

**FILE BY FAX PER CRC 2.303**

7. Person Serving (name, address, and telephone No.):

## Attorney Service of San Dimas
142 East Bonita Avenue, #51
San Dimas, CA 91773
(909)394-1202 Fax (909)394-1204

Fee for service: $   $0.00

E Ratliff
Registered California Process Server:
(i) Owner
(ii) Registration No.:  2014334055 CCPS
(iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9/24/2020

(Signature)

Judicial Council form POS-010

**Proof of Service**

Code Civil Procedure 417.10(f)

| Attorney of Party Without Attorney (Name and Address) | | | | Telephone No: | | FOR COURT USE ONLY |
|---|---|---|---|---|---|---|
| Law Offices of Sam Chandra<br>710 S. Myrtle Avenue, # 600<br>Monrovia<br>Attorney For:PLAINTIFF | | CA | 91016 | (626)256-4999 | | |
| | | | | Reference Number:<br>3781100 | 26578 | |

| Plaintiff/Petitioner: | Redwood Holdings, LLC | | | | |
|---|---|---|---|---|---|
| Defendant/Respondent: | KMOG, LLC; et al. | | | | |

| **PROOF OF SERVICE**<br>**"FILE BY FAX"** | Hearing Date: | Time: | Dept./Div.: | Case Number:<br>NOTICE |
|---|---|---|---|---|

I, the undersigned declare that at the time of the service of the papers herein referred to, I was at least EIGHTEEN (18) years of age, and that I served the following notice:

Foreclosure Notice to Quit

On the following tenant(s): All Occupants in Care of the Named Tenant

Address:   16641 Pinnacle Peak Court
           Riverside, CA 92503

Date and Time of Posting:  9/23/2020 at 08:50am.

There being no person of suitable age or discretion to be found at the property, and a business address could not be ascertained, service was effected BY POSTING a copy for the above-named entity(s) in a conspicuous place on the property therein described, and thereafter by MAILING by first-class mail on said date a copy to each entity(s) by depositing said copies in the U.S. Mail in a sealed envelope with postage fully pre-paid, addressed to the above-named entity(s) at the place where the property is situated.

FILE BY FAX PER CRC 2.303

7. Person Serving (name, address, and telephone No.):

**Attorney Service of San Dimas**
142 East Bonita Avenue, #51
San Dimas, CA 91773
(909)394-1202  Fax (909)394-1204

Fee for service: $   $0.00

E Ratliff
Registered California Process Server:
(i) Owner
(ii) Registration No.:  2014334055 CCPS
(iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9/24/2020

(Signature)

CP10.5

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address):*     TELEPHONE NO.: | *FOR COURT USE ONLY* |
|---|---|
| ATTORNEY FOR *(Name)*: | |
| NAME OF COURT:<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| Plaintiff:<br>Defendant: | |
| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER: |
| Complete this form only if ALL of these statements are true:<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)<br>3. You still occupy the subject premises. | *(To be completed by the process server)*<br>DATE OF SERVICE:<br>*(Date that form is served or delivered, posted, and mailed by the officer or process server)* |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify)*:
2. I reside at *(street address, unit no., city and ZIP code)*:

3. The address of "the premises" subject to this claim is *(address)*:

4. On *(insert date)*:                          , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is in the accompanying Summons and Complaint.)*
5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.
6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.
7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.
8. I was not named in the Summons and Complaint.
9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.
10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of  $            or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

(Continued on reverse)

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** Code of Civil Procedure, §§ 415.46, 715.010, 715.020, 1174.25

SAM CHANDRA (# 203942)
LAW OFFICES OF SAM CHANDRA, APC
710 S. MYRTLE AVE., # 600
MONROVIA, CA 91016
(626)256-4999

ATTORNEYS FOR PLAINTIFF

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| REDWOOD HOLDINGS, LLC, | Case No. |
| Plaintiff, | UNLAWFUL DETAINER SUPPLEMENTAL COVER SHEET |
| vs. | |
| KMOG, LLC, et al, | CCP §1179.01.5 |
| and Does 1 to 10 INCLUSIVE, | |
| Defendants. | |

UNLAWFUL DETAINER SUPPLEMENTAL COVER SHEET

1. This action seeks possession of real property that is:

a. [ x ] Residential

b. [  ] Commercial

2. (Complete only if paragraph 1(a) is checked) This action is based, in whole or in part, on an alleged default in payment of rent or other charges.

a. [  ] Yes

b. [ x ] No

Date: September 29, 2020



_____
Sam Chandra, Attorney for Plaintiff.

CP10.5

| Plaintiff:<br>Defendant: | CASE NUMBER: |
|---|---|

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13. **Rental agreement.** I have *(check all that apply to you):*

a. ☐ an oral or written rental agreement with the landlord.

b. ☐ an oral or written rental agreement with a person other than the landlord.

c. ☐ an oral or written rental agreement with the former owner who lost the property to foreclosure.

d. ☐ other *(explain):*


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF CLAIMANT)

> **NOTICE:** If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.


## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**

**1. You are NOT named in the accompanying Summons and Complaint.**
**2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.**
**3. You still occupy the premises.**

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]        **CIVIL CASE COVER SHEET**        Page 2 of 2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Sam Chandra SBN 203942<br>Law Offices of Sam Chandra, APC<br>710 S. Myrtle Ave., # 600<br>Monrovia, CA 91016-2171<br>TELEPHONE NO.:                    FAX NO.: | |

ATTORNEY FOR (Name):    PLAINTIFF

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS:    505 South Buena Vista Avenue Suite 201
MAILING ADDRESS:    Corona CA 92882
CITY AND ZIP CODE:    CORONA
BRANCH NAME:

CASE NAME:
Redwood Holdings, LLC v KMOG, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☒ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☒ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence         f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☒ monetary   b.☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): one       unlawful detainer
5. This case ☐ is   ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 09/29/20

Sam Chandra
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use                CIVIL CASE COVER SHEET                Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

**SUMMONS**

*(CITACIÓN JUDICIAL)*

**UNLAWFUL DETAINER—EVICTION**

*(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)*

**SUM-130**

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

KMOG, LLC; Flor Perez; and Does 1 to 10

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REDWOOD HOLDINGS, LLC

| | |
| --- | --- |
| NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. | *¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este corte y hacer que se entregue una copia al demandante.* |
| A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court. | *Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (*www.lawhelpca.org*), the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), or by contacting your local court or county bar association. | *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.* |
| **FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. | *EXENCIÓN DE CUOTAS: Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.* |

1. The name and address of the court is: SUPERIOR COURT OF CALIFORNIA,
   *(El nombre y dirección de la corte es):* COUNTY OF RIVERSIDE

| CASE NUMBER *(número del caso):* |
| --- |
| |

505 South Buena Vista Avenue Suite 201
Corona CA 92882

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sam Chandra SBN 203942

(626) 256-4999

Law Offices of Sam Chandra, APC
710 S. Myrtle Ave., # 600
Monrovia, CA 91016-2171

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. September 1, 2019]

SUMMONS—UNLAWFUL DETAINER—EVICTION

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courts.ca.gov

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 311 E. Ramsey St., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☒ CORONA 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☐ RIVERSIDE 4050 Main St., Riverside, CA 92501
☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

RI-CI0

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address): Sam Chandra SBN 203942 (626) 256-4999
Law Offices of Sam Chandra, APC
710 S. Myrtle Ave., # 600
Monrovia, CA 91016-2171
TELEPHONE NO:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Redwood Holdings, LLC

FOR COURT USE ONLY

PLAINTIFF/PETITIONER: Redwood Holdings, LLC

DEFENDANT/RESPONDENT: KMOG, LLC, et al

CASE NUMBER:

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☐ The action arose in the zip code of: _____

☒ The action concerns real property located in the zip code of: 92503 _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date    09/29/20 _____

Sam Chandra _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ _____ (SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 08/15/13]

**CERTIFICATE OF COUNSEL**

Page 1
Local Rule 1.
riverside.courts.ca.gov/localforms/localforms.

1   SAM CHANDRA (# 203942)
    LAW OFFICES OF SAM CHANDRA, APC
2   710 S. MYRTLE AVE., # 600
    MONROVIA, CA 91016
3   (626) 256-4999

4   ATTORNEYS FOR PLAINTIFF

5

6

7                SUPERIOR COURT FOR THE STATE OF CALIFORNIA

8                        COUNTY OF RIVERSIDE

9

10  REDWOOD HOLDINGS, LLC          )   Case No.
                                   )
11                                 )
                                   )   COMPLAINT FOR UNLAWFUL
12                                 )   DETAINER
             Plaintiff,            )
13                                 )
        vs.                        )   Action based on Code of Civil Procedure
14  KMOG, LLC; FLOR PEREZ          )   Section 1161a   Foreclosure
                                   )
15                                 )   LIMITED CIVIL
                                   )
16                                 )
                                   )
17  and Does 1 to 10,              )
                                   )
18                                 )
                                   )
19           Defendants.           )   DEMAND EXCEEDS $ 10,000
    _____)

20  Plaintiff alleges as follows:

21  1.  Plaintiff is a: Limited Liability Co

22  2.  Plaintiff alleges a cause of action against the following person(s) hereinafter "Defendants" for

23      Unlawful Detainer:  KMOG, LLC; Flor Perez

24

25  3.  The true names or capacities, whether individual, corporate, associate, or otherwise, of

26      Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said

27      Defendants by such fictitious names.  Plaintiff is informed and believes and on such information

28

─────────────────────────────────────────────
                COMPLAINT FOR UNLAWFUL DETAINER

**SUM-130**

| PLAINTIFF *(Name):* Redwood Holdings, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* KMOG, LLC; Flor Perez | |

3.  *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415)  [X] did not    [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

4.  **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

   a.  Assistant's name:

   b.  Telephone no.:

   c.  Street address, city, and zip:

   d.  County of registration:

   e.  Registration no.:

   f.  Registration expires on *(date)* :

Date:                                             Clerk, by                                    , Deputy
*(Fecha)*                                         *(Secretario)*                               *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons (form POS-010).)*

| [SEAL] | 5.  **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| | a.  [ ] as an individual defendant. |
| | b.  [ ] as the person sued under the fictitious name of *(specify):* |
| | c.  [ ] as an occupant. |
| | d.  [ ] on behalf of *(specify):* |
| |     under:  [ ] CCP 416.10 (corporation).          [ ] CCP 416.60 (minor). |
| |               [ ] CCP 416.20 (defunct corporation).   [ ] CCP 416.70 (conservatee). |
| |               [ ] CCP 416.40 (association or partnership).  [ ] CCP 416.90 (authorized person). |
| |               [ ] CCP 415.46 (occupant).           [ ] other *(specify):* |
| | e.  [ ] by personal delivery on *(date):* |

and belief alleges, that each of the Defendants designated herein as DOE was legally responsible in some manner for the events and happenings herein referred to and legally caused damages approximately thereby to Plaintiff as herein alleged.

4. On 09/01/2020 Plaintiff became the owner of real property by purchasing said property at a foreclosure sale.

5. Title under this sale has been duly perfected.

6. Pursuant to the recitations contained within the Trustee's Deed Upon Sale, the foreclosure sale, and all required notices were accomplished in compliance with CC §2924 et. seq..

7. The Real Property as stated above bears the APN number of: 135501002

8. The Real Property as stated above is located at: 16641 Pinnacle Peak Court, Riverside, CA 92503, County of RIVERSIDE

9. No landlord/tenant relationship exists between the purchaser and the Defendants.

10. Since the date of sale, and continuing to present, Defendants have occupied said premises without the consent or authorization of the purchaser.

11. Defendants' title, if any, to said premises, that existed prior to the date of sale, was extinguished by said sale.

12. On 09/23/20 , Plaintiff caused to be served on the Defendants a written notice in compliance with the Code of Civil Procedure, Section 1161a et seq., requiring and demanding that Defendant(s) quit and deliver up possession of the premises within 3 days.

13. More than 3 days have elapsed since the service of said notice. The notice has expired, but Defendants have failed and refused, and continues to fail and refuse, to quit and deliver up possession of the premises, Defendant(s) now being in possession thereof.

14. The reasonable rental rate of the premises is $ 4,250.00 per month. The daily rate based upon a 30 day month is $ 141.67.

15. Plaintiff is being damaged by the detention of this property in the sum of not less than $ 141.67 per day for the use and occupancy of said premises, and will continue to sustain damages at said rate for so long as Defendants remain in possession of the premises.

16. Plaintiff has not received any rents or other compensation from the Defendant(s).

17. The Defendants hold-over and continue in possession of the premises. Said hold-over and continued possession is willful, intentional, deliberate, and without permission or consent of Plaintiff. Plaintiff is entitled to immediate possession of the premises.

18. The premises are located in the above-entitled judicial district.

19. Defendants have had use and enjoyment of the premises, at the detriment of Plaintiff from the date of the service of the notice through today and will continue to enjoy the same through the date of entry of judgment or the date Plaintiff is finally able to recover possession of the premises.

WHEREFORE, Plaintiff prays against Defendants, and each of them, as follows:

1.    For restitution and possession of the premises;

2.    For damages in the amount of $141.67 per day or as allowed by law from 09/29/20 to the date of entry of judgment, or recovery of possession of the premises;

3.    For Plaintiff's costs of suit;

4.    For such other and further relief as the Court may deem just and proper.

Executed  09/29/20

Sam Chandra, Esq
Attorney for Plaintiff

EXHIBIT LIST:

The following exhibits are attached and incorporated into the complaint by reference:

    1. Verification to Complaint
    2. Deed
    3. Notice and proof of service.

MC-0;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

ATTACHMENT *(Number):*
*(This Attachment may be used with any Judicial Council form.)*

Page __1__ of __1__
*(Add pages as required.)*

## VERIFICATION of the Complaint:

I am:

[ ] the Plaintiff;

[ ] an Officer of the Plaintiff in this action, and am authorized to make this verification for and on its behalf.

[ ] a partner of the Plaintiff in this action, and am authorized to make this verification for and on its behalf.

[X] an agent of the Plaintiff in this action, and am authorized to make this verification for and on its behalf. The matters stated in the forgoing document are true of my own knowledge except as to those matters stated on information and belief, and as to those matters I believe them to be true. I am the person most knowledgeable for the matters contained within the complaint and for that reason I make this verification.

I request that a facsimile whether by traditional fax or by "scan and e-fax or e-mail" be accepted as an original pursuant to CRC 2.305(d).

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct. Executed in Redondo Beach _____, California. Pursuant to Code of Civil Procedure, Sections 2015.5 and 396a.

| Olivia Reyes | 9/29/2020 | *(signature)* |
|---|---|---|
| (Name, printed or typed) | (Date) | (Signature) |

Pursuant to Evidence Code, § 1521 and Calif. Rules of Court, Rule 2.305(d), a signature hereon, in any, produced by facsimile transmission is admissible as an original.

Declaration of Attorney re Verification: My client has indicated to me that they are unable to proceed to my office to deliver a "wet ink signature", as such this document is either a faxed copy of the original or a scanned and e-mailed copy of the original. I request the court to accept it as an original per CRC 2.305(d).

Sam Chandra  9/29/2020

Notice: This office often acts as a Debt Collector, any information provided will be used for this purpose.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [New July 1, 2002]

**ATTACHMENT**
**to Judicial Council Form**

Cal. Rules of Court, rule 982

**DOC # 2020-0428641**
09/11/2020 12:10 PM Fees: $23.00
Page 1 of 4
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

PLEASE COMPLETE THIS INFORMATION
RECORDING REQUESTED BY:

\*\*This document was electronically submitted
to the County of Riverside for recording\*\*
Receipted by: TAMMIE #535

SYNRGO, INC.

AND WHEN RECORDED MAIL TO:
AND MAIL TAX STATEMENTS TO:

REDWOOD HOLDINGS, LLC

2015 MANHATTAN BEACH BLVD, STE 100

REDONDO BEACH, CA 90278

Space above this line for recorder's use only

---

TRUSTEE'S DEED UPON SALE

Title of Document    16641 PINNACLE PEAK COURT
RIVERSIDE, CA 92503

TRA: 053-012

DTT: $683.10

Exemption reason declared pursuant to Government Code 27388.1

[✓] This document is a transfer that is subject to the imposition of documentary transfer tax.

[ ] This is a document recorded in connection with a transfer that is subject to the imposition
of documentary transfer tax.
Document reference:_____

[ ] This document is a transfer of real property that is a residential dwelling to an owner-
occupier.

[ ] This is a document recorded in connection with a transfer of real property that is a
residential dwelling to an owner-occupier.
Document reference:_____

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
($3.00 Additional Recording Fee Applies)

ACR 238 (Rev. 01/2018)          Available in Alternate Formats

DOC #2020-0428641  Page 2 of 4

RECORDING REQUESTED BY:

SYNRGO, INC.

AND WHEN RECORDED TO:

REDWOOD HOLDINGS, LLC
2015 MANHATTAN BEACH BLVD., STE 100
REDONDO BEACH, CA 90278

Forward Tax Statements to
the address given above

_____

SPACE ABOVE LINE FOR RECORDER'S USE

TS #: 202-018971
Order #: 95523860
Property Address: 16641 PINNACLE PEAK COURT, RIVERSIDE, CA 92503

## TRUSTEE'S DEED UPON SALE

A.P.N.: 135-501-002

The Grantee Herein **was not** the Foreclosing Beneficiary.
The Amount of the Unpaid Debt together with costs was $604,959.29
The Amount Paid by the Grantee at the trustee sale was $621,000.00
Said Property is in the County of Riverside (UNINCORPORATED AREA)
Transfer Tax: $ 683.10

PLM LOAN MANAGEMENT SERVICES, INC., as Trustee, (whereas so designated in the Deed
of Trust hereunder more particularly described or as duly appointed Trustee) does hereby
GRANT and CONVEY to REDWOOD HOLDINGS, LLC (herein called Grantee) but without
covenant or warranty, expressed or implied, all right title and interest conveyed to and now held
by it as Trustee under the Deed of Trust in and to the certain real property situated in the
County of Riverside, State of California, described as follows:

SEE EXHIBIT "A" FOR LEGAL DESCRIPTION

This conveyance is made in compliance with the terms and provisions of the Deed of Trust
executed by KMOG, LLC, A SINGLE MEMBER DELAWARE LIMITED LIABILITY COMPANY
as Trustor, dated 7/5/2016  recorded on 7/8/2016, as Instrument No. 2016-0285547, of the
Official Records in the Office of the Recorder of Riverside, California under the authority and
powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee,
default having occurred under the Deed of Trust pursuant to the Notice of Default and Election
to Sell which was recorded in the Office of the Recorder of said County, and such default still
existed at the time of sale.

Trustee having complied with all applicable statutory requirements of the State of California and
performed all duties required by the Deed of Trust including sending a Notice of Default and
Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior

to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

All requirements per California Statutes regarding the mailing, personal delivery of copies of Notice of Default and Election to Sell under Deed of Trust and the publication and posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on 9/1/2020. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being $621,000.00, in lawful money of the United States or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the time of the Trustee's Sale. Receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust at the time of Trustee's Sale.

If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the purchase price paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney.

In witness thereof, **PLM LOAN MANAGEMENT SERVICES, INC.**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date: 9/2/2020                           **PLM LOAN MANAGEMENT SERVICES, INC.**

By: _____
Elizabeth Godbey, Vice President

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF California
COUNTY OF Santa Clara

On 9/2/2020 before me, ELLEN JEFFREY, a Notary Public personally appeared, Elizabeth Godbey who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Name _____          (Seal)

ELLEN JEFFREY
Notary Public – California
Santa Clara County
Commission # 2180341
My Comm. Expires Feb 12, 2021

DOC #2020-0428641  Page 4 of 4

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND REFERRED TO IN THIS GUARANTEE IS SITUATED IN THE STATE OF **CALIFORNIA**, COUNTY OF RIVERSIDE, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 62 OF TRACT NO. 28816, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER THAT TRACT MAP RECORDED IN BOOK 368 AT PAGES 74 THROUGH 92, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 2:

NON-EXCLUSIVE EASEMENT, IN COMMON WITH OTHER OWNERS, FOR INGRESS, EGRESS, USE AND ENJOYMENT, OVER, IN, TO, AND THROUGHOUT THE ASSOCIATION PROPERTY DESCRIBED IN THE SUPPLEMENTARY DECLARATION, RECORDED ON JUNE 7, 2007 AS INSTRUMENT NO. 2007-0374665 AND RE-RECORDED NOVEMBER 2, 2007 AS FILE NO. 2007-0672528, BOTH OF OFFICIAL RECORDS.

Assessor's Parcel Number: 135-501-002

Case 6:20-bk-16034-MH    Doc 11    Filed 09/21/20    Entered 09/21/20 08:27:47    Desc
van21:Ord Dism(odspb)    Page 1 of 1

Form odspb–odspab/autodismi
Rev. 06/2017

## United States Bankruptcy Court
## Central District of California

3420 Twelfth Street, Riverside, CA 92501-3819

## ORDER AND NOTICE OF DISMISSAL FOR
## FAILURE TO FILE SCHEDULES, STATEMENTS AND/OR PLAN

**DEBTOR INFORMATION:**                          BANKRUPTCY NO. 6:20-bk-16034-MH
Kmog LLC
                                                 CHAPTER 7
**Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s)., (if any):**  N/A
**Employer Tax–Identification (EIN) No(s).(if any):**  46–4559090
**Debtor Dismissal Date:** 9/21/20

**Address:**
16641 Pinnacle Peak Ct.
Riverside, CA 92503

It appearing that the debtor(s) in the above–captioned case has failed to file all the documents required under FRBP 1007 or
3015(b) within 14 days after the filing of the petition and no motion for an order extending the time to file the required documents
has been timely filed in accordance with FRBP 1007(a)(5) or 3015(b),

IT IS HEREBY ORDERED THAT:

1)    The case is dismissed.

2)    The automatic stay is vacated.

3)    Any discharge entered in this case is vacated.

4)    The Court retains jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all
      issues arising under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent
      provided by law.

                                                 By the Court,

Dated: September 21, 2020                         **Kathleen J. Campbell**
                                                 Clerk of Court

Form odspb–odspab/autodismi Rev. 06/2017                                      **11 / AUT**

## NOTICE TO QUIT

TO: <u>KMOG, LLC and Flor Perez, member manager</u>
and all other persons and/or entities in possession of the real property commonly known as: <u>16641 Pinnacle Peak Court, Riverside California 92503 (the "Premises")</u>.

1. NOTICE IS HEREBY GIVEN that Redwood Holdings, LLC purchased the Premises at OR AFTER a foreclosure sale held pursuant to the power of sale contained in a deed of trust in accordance with California Civil Code § 2924 and that title to the Premises has been duly perfected.

2. Redwood Holdings, LLC is unaware of the status of the occupant(s), and therefore provides notice to quit as provided below.

3. <u>ALL PERSONS IN POSSESSION</u>, (excluding those that fall into an exception below), **MUST VACATE WITHIN 3 DAYS. THIS DEMAND IS MADE PURSUANT TO** Cal. Code Civ. Proc. § 1161a(b)(3);

   a. **Exception #1:** [CCP § 1161b]: Notwithstanding the above: If you are a tenant or subtenant in possession of a rental housing unit, who rents or leases the rental housing unit either on a periodic basis from week to week, month to month, or other interval, or for a fixed period of time, you **MUST VACATE WITHIN 90 DAYS.**
   b. **Exception #2. [PTFA]** Notwithstanding the above : If you are a Bona Fide Tenant in possession of the premises, **THEN YOU MUST VACATE WITHIN 90 DAYS;** A tenancy is Bona Fide only if: (1) the mortgagor or the child, spouse, or parent of the mortgagor under the contract is not the tenant; (2) the lease or tenancy was the result of an arms-length transaction; and (3) the lease or tenancy requires the receipt of rent that is not substantially less than fair market rent for the property or the unit's rent is reduced or subsidized due to a Federal, State, or local subsidy.

**YOU ARE REQUIRED** to quit and surrender possession of the Premises or the portion in which you reside to **Redwood Holdings, LLC** or to the undersigned who is authorized to receive the same. Unless you vacate and deliver possession of the Premises within the time described above, an unlawful detainer (eviction) lawsuit may be filed against you to recover possession of the Premises, all damages (including monies pursuant to Code of Civil Procedure § 1174(b) and any other damages allowed by law), costs and attorneys' fees.

Note: If you: (i) have a tenancy that requires the monthly payment of rent; (ii) claim to be exempt from the above because you have a leasehold that survives foreclosure;  (iii) have a tenancy that is protected under any local or State laws, such as rent control or other eviction control law; (iv) you are in possession  of the Premises and your name does not appear on this notice - -please contact the following person and provide a copy of the written lease, and all rent receipts/ proof of tenancy:  Olivia Reyes at 2015 Manhattan Beach Blvd Suite 100, Redondo Beach, CA 90278, (310)6403070 x 2110.

**Any person in possession claiming tenancy: PER CC §1946.2** You are notified, that:  1. The Owner is removing this unit from the rental market;  2. You have the right to relocation assistance in the amount of one month's rent or waiver of your last month's rent.  You are hereby provided with relocation assistance in the amount of one month's rent through a rent waiver.  No rent is due for the final month of your tenancy. The amount of this waiver is: <u>$4,250.00</u>. However, if you fail to vacate after the expiration of this notice, then the actual amount of rent waiver shall be recoverable as damages in an action to recover possession [CC §1946.2(d)(3)(B)].

Note: State law permits former occupants to reclaim abandoned personal property left at the former address of the occupant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact the owner as listed above, after being notified that property belonging to you was left behind after you moved out.

<u>Active Military</u>:  If you are active in the United States Military or otherwise entitled to the benefits of the Service members Civil Relief Act (50 U.S.C. App. § 501 *et seq.*), please contact the undersigned immediately. Note, proof of status may be required and reviewed under Federal Law.

| | |
|---|---|
| 9/22/2020 | |
| Date | Olivia Reyes, Authorized Agent of Owner |

| Attorney of Party Without Attorney (Name and Address) | | | Telephone No: | | FOR COURT USE ONLY |
|---|---|---|---|---|---|
| Law Offices of Sam Chandra | | | (626)256-4999 | | |
| 710 S. Myrtle Avenue, # 600 | | | Reference Number: | | |
| Monrovia | CA | 91016 | 3781098 | 26578 | |
| Attorney For:PLAINTIFF | | | | | |

| Plaintiff/Petitioner: | Redwood Holdings, LLC | | | |
|---|---|---|---|---|
| Defendant/Respondent: | KMOG, LLC; et al. | | | |

| **PROOF OF SERVICE** "FILE BY FAX" | Hearing Date: | Time: | Dept./Div.: | Case Number: NOTICE |
|---|---|---|---|---|

I, the undersigned declare that at the time of the service of the papers herein referred to, I was at least EIGHTEEN (18) years of age, and that I served the following notice:

Foreclosure Notice to Quit

On the following tenant(s): KMOG, LLC

Address:    16641 Pinnacle Peak Court
            Riverside, CA 92503

Date and Time of Posting:  9/23/2020 at 08:50am.

There being no person of suitable age or discretion to be found at the property, and a business address could not be ascertained, service was effected BY POSTING a copy for the above-named entity(s) in a conspicuous place on the property therein described, and thereafter by MAILING by first-class mail on said date a copy to each entity(s) by depositing said copies in the U.S. Mail in a sealed envelope with postage fully pre-paid, addressed to the above-named entity(s) at the place where the property is situated.

**FILE BY FAX PER CRC 2.303**

7. Person Serving (name, address, and telephone No.):

**Attorney Service of San Dimas**

142 East Bonita Avenue, #51
San Dimas, CA 91773

(909)394-1202  Fax (909)394-1204

Fee for service: $  $45.00

E Ratliff

Registered California Process Server:

(i) Owner
(ii) Registration No.:  2014334055 CCPS
(iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9/24/2020

(Signature)

Judicial Council form POS-010              **Proof of Service**              Code Civil Procedure 417.10(f)

| Attorney or Party Without Attorney (Name and Address) Law Offices of Sam Chandra 710 S. Myrtle Avenue, # 600 Monrovia    CA    91016 Attorney For: PLAINTIFF | | | Telephone No: (626)256-4999 Reference Number: 3781099    26578 | FOR COURT USE ONLY |
|---|---|---|---|---|
| Plaintiff/Petitioner:    Redwood Holdings, LLC Defendant/Respondent:    KMOG, LLC; et al. | | | | |
| PROOF OF SERVICE "FILE BY FAX" | Hearing Date: | Time: | Dept/Div: | Case Number: NOTICE |

I, the undersigned declare that at the time of the service of the papers herein referred
to, I was at least EIGHTEEN (18) years of age, and that I served the following notice:

Foreclosure Notice to Quit

On the following tenant(s): Flor Perez, member manager

Address:    16641 Pinnacle Peak Court
            Riverside, CA 92503

Date and Time of Posting:  9/23/2020 at 08:50am.

There being no person of suitable age or discretion to be found at the property,
and a business address could not be ascertained, service was effected BY POSTING
a copy for the above-named entity(s) in a conspicuous place on the property
therein described, and thereafter by MAILING by first-class mail on said date a
copy to each entity(s) by depositing said copies in the U.S. Mail in a sealed
envelope with postage fully pre-paid, addressed to the above-named entity(s) at
the place where the property is situated.

**FILE BY FAX PER CRC 2.303**

7. Person Serving (name, address, and telephone No.):

**Attorney Service of San Dimas**
142 East Bonita Avenue, #51
San Dimas, CA 91773
(909)394-1202  Fax (909)394-1204

Fee for service: $   $0.00
E Ratliff
Registered California Process Server:
(i) Owner
(ii) Registration No.:  2014334055 CCPS
(iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9/24/2020

(Signature)

Judicial Council form POS-010                          **Proof of Service**                          Code Civil Procedure 417.10(f)

| Attorney of Party Without Attorney (Name and Address) | | | Telephone No: | FOR COURT USE ONLY |
|---|---|---|---|---|
| Law Offices of Sam Chandra<br>710 S. Myrtle Avenue, # 600<br>Monrovia<br>Attorney For: PLAINTIFF | CA | 91016 | (626)256-4999<br>Reference Number:<br>3781100           26578 | |

| Plaintiff/Petitioner: | Redwood Holdings, LLC |
|---|---|
| Defendant/Respondent: | KMOG, LLC; et al. |

| **PROOF OF SERVICE**<br>**"FILE BY FAX"** | Hearing Date: | Time: | Dept./Div.: | Case Number:<br>NOTICE |
|---|---|---|---|---|

FILE BY FAX PER CRC 2.303

I, the undersigned declare that at the time of the service of the papers herein referred to, I was at least EIGHTEEN (18) years of age, and that I served the following notice:

Foreclosure Notice to Quit

On the following tenant(s): All Occupants in Care of the Named Tenant

Address:   16641 Pinnacle Peak Court
           Riverside, CA 92503

Date and Time of Posting:  9/23/2020 at 08:50am.

There being no person of suitable age or discretion to be found at the property, and a business address could not be ascertained, service was effected BY POSTING a copy for the above-named entity(s) in a conspicuous place on the property therein described, and thereafter by MAILING by first-class mail on said date a copy to each entity(s) by depositing said copies in the U.S. Mail in a sealed envelope with postage fully pre-paid, addressed to the above-named entity(s) at the place where the property is situated.

7. Person Serving (name, address, and telephone No.):

### Attorney Service of San Dimas
142 East Bonita Avenue, #51
San Dimas, CA 91773
(909)394-1202 Fax (909)394-1204

Fee for service: $   $0.00

E Ratliff
Registered California Process Server:
(i) Owner
(ii) Registration No.: 2014334055 CCPS
(iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9/24/2020

_____
(Signature)

Judicial Council form POS-010                    **Proof of Service**                    Code Civil Procedure 417.10(f)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ BANNING 311 E. Ramsey St., Banning, CA 92220 | ☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225 | ☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☒ CORONA 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ RIVERSIDE 4050 Main St., Riverside, CA 92501 |
| ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | ☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591 |

RI-CI032

Sam Chandra SBN 203942
ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) (626) 256-4999
Law Offices of Sam Chandra, APC
710 S. Myrtle Ave., # 600
Monrovia, CA 91016-2171
TELEPHONE NO:
FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Redwood Holdings, LLC

PLAINTIFF/PETITIONER: Redwood Holdings, LLC

DEFENDANT/RESPONDENT: KMOG, LLC, et al

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Riverside

9/29/2020
M. Yingst

Electronically Filed

CASE NUMBER:
**COC2004547**

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☐ The action arose in the zip code of: _____

☒ The action concerns real property located in the zip code of: 92503

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date    09/29/20    _____

Sam Chandra
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)    ►    _____
(SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 08/15/13]
(Reformatted 09/30/19)

CERTIFICATE OF COUNSEL

Page 1 of 1
Local Rule 1.0015
riverside.courts.ca.gov/localfirms/localfirms.shtml

CP10.5

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

| CLAIMANT OR CLAIMANT'S ATTORNEY (Name and Address):    TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|
| | |
| ATTORNEY FOR (Name): | |
| NAME OF COURT:<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| Plaintiff:<br>Defendant: | |
| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER: |
| Complete this form only if ALL of these statements are true:<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)<br>3. You still occupy the subject premises. | *(To be completed by the process server)*<br>DATE OF SERVICE:<br>*(Date that form is served or delivered, posted, and mailed by the officer or process server)* |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify):*

2. I reside at *(street address, unit no., city and ZIP code):*

3. The address of "the premises" subject to this claim is *(address):*

4. On *(insert date):*                              , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is in the accompanying Summons and Complaint.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of  $              or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

(Continued on reverse)

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

Code of Civil Procedure, §§ 415.46, 715.010, 715.020, 1174.25

CP10.5

| Plaintiff:<br>Defendant: | CASE NUMBER: |
|---|---|

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13. Rental agreement. I have *(check all that apply to you):*

   a. ☐  an oral or written rental agreement with the landlord.

   b. ☐  an oral or written rental agreement with a person other than the landlord.

   c. ☐  an oral or written rental agreement with the former owner who lost the property to foreclosure.

   d. ☐  other *(explain):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF CLAIMANT)

> **NOTICE:** If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

---

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**

   1. You are NOT named in the accompanying Summons and Complaint.
   2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.
   3. You still occupy the premises.

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

Name:    KMOG, LLC, Oscar Garcia

Address:    16641 Pinnacle Peak CT

    Riverside, CA 92503

Telephone:    714-673-5658

    Defendant In Pro Per

## SUPERIOR COURT OF CALIFORNIA COUNTY OF RIVERSIDE

|  |  |
|---|---|
| Redwood Holdings, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>KMOG, LLC., et al.,<br><br>and Does 1 to 10 INCLUSIVE,<br><br>Defendant | Case No.: ____COC2004547____<br><br>NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT, IF ENTERED:<br>☑ CCP §473(b)<br>☑ CCP §473.5<br>☑ Civ. §1788.61<br>☑ CCP §473(d)<br>☑ AND QUASH SERVICE OF SUMMONS (CCP §418.10);<br>POINTS AND AUTHORITIES; DECLARATION<br><br>Date: __01-14-2021__<br>Dept/Time: ☑ Dept. __ at 2:00 p.m.<br>    ☐ Dept. __ at 9:00 a.m.<br><br>Date Complaint was filed: __09-29-2020__ |

TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:

YOU ARE HEREBY NOTIFIED THAT at the above-captioned date and time and department in the courthouse located at 505 S Buena Vista Ave #201, Corona, California that Defendant will move the court for an order requesting that the Default and, if entered, Default Judgment be set aside, ☐ as well as an order quashing the service of the Summons due to lack of jurisdiction pursuant to CCP § 418.10(a)(1). This motion is made on the following grounds:

❑ Inadvertence, surprise, mistake, or excusable neglect (CCP §473(b));

❑ Service of the Summons did not result in actual notice (CCP §473.5);

MOTION TO SET ASIDE- 1

1  ☐  Service of the Summons did not result in actual notice in time to defend action

2      brought by a debt buyer (Civ. §1788.61);

3  ☐  The judgment and/or default is void (CCP §473(d));

4  ☐  _____

5      _____.

6  This motion will be based upon this notice, the attached points and authorities and declaration of

7  Kmog, LLC Oscar Garcia, and the records and files in this action.

8  Pursuant to Local Rule 1.06 (A) the court will make a tentative ruling on the merits of this matter by

9  2:00 p.m., the court day before the hearing. The complete text of the tentative rulings for the

10 department may be downloaded off the court's website. If the party does not have online access, they

11 may call the dedicated phone number for the department as referenced in the local telephone

12 directory between the hours of 2:00 p.m. and 4:00 p.m. on the court day before the hearing and

13 receive the tentative ruling. If you do not call the court and the opposing party by 4:00 p.m. the court

14 day before the hearing, no hearing will be held.

15

16                              Dated:    December 18, 2020

17

18                                        KMOG LLC Oscar Garcia

19

20

21

22

23

24

25

26

27

28

1

**Memorandum of Points and Authorities in Support of Motion for Set Aside**

2

I. Background

3

On ____09-29-2020_____, Plaintiff filed a Complaint in this court. On

4

12-02-2020____ (date) this court entered a default, ☐ and on _____(date) a judgment

5

was entered against the Defendant. The moving defendant is now asking for a set aside of that default

6

and, if entered, default judgment ☐ as well as an order quashing service of the Summons for lack of

7

jurisdiction.

8

9

II. LEGAL ARGUMENT

☒ *(If checked paragraphs A – D are argued)* **Pursuant to California Code of Civil Procedure**

10

**§473(b), the court should set aside this adverse judgment or ruling based on inadvertence,**

11

**surprise, or excusable neglect.**

12

**A. Grounds for Relief.** On application, the court may, on any terms as may be just, relieve a party or

13

his or her legal representative from a judgment, dismissal, order, or other proceeding taken against

14

him or her through his or her mistake, inadvertence, surprise, or excusable neglect (Code Civ. Proc. §

15

473(b)). This motion is filed within a reasonable period of time, not exceeding six months after entry

16

of the default.

17

18

**B. Policy of Law Favors Trial on Merits.** The policy of the law is that controversies should be

19

heard and disposed of on their merits (*Fasuyi v. Permatex, Inc.* (2008) 167 Cal. App. 4th 681, 694–

20

703, 84 Cal. Rptr. 3d 351; *Berman v. Klassman* (1971) 17 Cal. App. 3d 900, 909, 95 Cal. Rptr. 417).

21

22

**C. Court Has Wide Discretion in Granting Relief.** A trial court has wide discretion to grant relief

23

under Code of Civil Procedure Section 473 (*Berman v. Klassman* (1971) 17 Cal. App. 3d 900, 909,

24

95 Cal. Rptr. 417).

25

26

**D. Liberal Construction of Statute.** Code of Civil Procedure Section 473(b) is a remedial measure

27

to be liberally construed, and any doubts existing as to the propriety of setting aside a default

28

thereunder will be resolved in favor of a hearing on the merits (*Berman v. Klassman* (1971) 17 Cal. App. 3d 900, 910, 95 Cal. Rptr. 417).

☒ *(If checked paragraphs E – H are argued)* **The court should grant defendant's motion for relief pursuant to CCP §473.5 because he/she received no actual notice of the action in time to defend, he/she has filed a timely motion for relief, and the default and default judgment was not caused by the plaintiff's avoidance of service or inexcusable neglect.**

**E. Motion for Relief From Default for Lack of Actual Notice.** When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, the party may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action (Code Civ. Proc. § 473.5(a)).

**F. Court May Grant Relief on Timely Motion if Defendant Not at Fault.** On a finding by the court that the motion was made within the two year time period permitted by Code of Civil Procedure Section 473.5(a) and that his or her lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect, it may set aside the default or default judgment on whatever terms as may be just and allow the party to defend the action (Code Civ. Proc. § 473.5(c); *Goya v. P.E.R.U. Enterprises* (1978) 87 Cal. App. 3d 886, 890–891, 151 Cal. Rptr. 258).

**G. Granting of Relief Within Discretion of Trial Court.** Whether or not relief should be granted under Code of Civil Procedure Section 473.5 is a matter within the discretion of the trial court (*Brockman v. Wagenbach* (1957) 152 Cal. App. 2d 603, 611, 313 P.2d 659):

**H. Policy Favors Application for Relief.** Unless inexcusable neglect is clear, the policy favoring trial on the merits prevails over the general rule of deference to the trial court's exercise of discretion, and doubts are resolved in favor of the application for relief from default (*Tunis v. Barrow* (1986) 184 Cal. App. 3d 1069, 1079, 229 Cal. Rptr. 389).

☑ *(If checked paragraphs I–K are argued).* **The court should grant defendant's motion for relief pursuant to Civil Code § 1788.61 because he/she received no actual notice of the action in time to defend against an action brought by a debt buyer, he/she has filed a timely motion for relief, and the default and default judgment was not caused by the plaintiff's avoidance of service or inexcusable neglect.**

**I. Motion for Relief From Default for Lack of Actual Notice.** When service of a summons has not resulted in actual notice to a party in time to defend an action brought by a debt buyer and a default or default judgment has been entered against him or her in the action, the party may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action (Civ. Code § 1788.61(a)(1)):

**J. Court May Grant Relief on Timely Motion if Defendant Not at Fault.** On a finding by the court that the motion was made within time period(s) permitted by Civ. Code § 1788.61(a)(2)(A), Civ. Code § 1788.61(a)(2)(B) and/or Civ. Code § 1788.61(a)(3)(A), and that his or her lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect, it may set aside the default or default judgment on whatever terms as may be just and allow the party to defend the action (Civ. Code § 1788.61(c)).

**K. Court may consider evidence presented by either party.** Either party may introduce, and the court may consider, evidence in support of its motion, including evidence relating to the process server who appears on the proof of service of the summons and complaint. (Civ. Code § 1788.61(b))

☑ *(If checked paragraphs L – N are argued).* **The court should grant defendant's motion to set aside the default and default judgment, if entered on the ground that it is void because, although its invalidity may not appear from an examination of the judgment roll, it is nonetheless void in fact in that the summons and complaint were never validly served on the defendant, and the defendant lacked actual notice of this lawsuit**

**L. Statutory Power to Set Aside Void Judgment.** The court may, on motion of either party after notice to the other party, set aside any void judgment or order (Code Civ. Proc. § 473(d)).

MOTION TO SET ASIDE- 5

**M. Inherent Power to Set Aside Judgment Not Void on Its Face but Void in Fact.** The law is settled that courts of record have inherent power to set aside a void judgment whether or not it is void on its face (*Rogers v. Silverman* (1989) 216 Cal. App. 3d 1114, 1122, 265 Cal. Rptr. 286). As described in the attached Declaration, the service of the Summons was improper, depriving the court of jurisdiction as to the defendant. Furthermore, the defendant is filing this motion within a reasonable period of time within six months of learning of the existence of this lawsuit.

**N. Court Has Duty to Set Aside Judgment.** It is well settled that when an application to vacate and set aside a judgment that is not void on its face but void in fact is made within a reasonable time after its rendition and is based on a sufficient showing, *it is within the power of the court, and its duty, to set it aside* (*Smith v. Bratman* (1917) 174 Cal. 518, 520, 163 P. 892).

☒ *(If checked paragraphs O – R are argued)* **The court should set aside the default and, if entered, default judgment in this action as void on its face because ☒ no proof of service was filed ☐ this is a consumer credit debt, however no declaration of venue has been filed and the complaint is not verified.**

**O. Relief From Void Judgment or Order.** The court may, on motion of either party after notice to the other party, set aside any void judgment or order (Code Civ. Proc. § 473(d)).

**P. Inherent Power to Set Aside Judgment Void on Its Face.** A court has inherent power, independent of statute, to set aside a judgment or order that is void on its face (*People v. Greene* (1887) 74 Cal. 400, 405–406, 16 P. 197; *Hendrix v. Hendrix* (1955) 130 Cal. App. 2d 379, 383, 279 P.2d 58).

**Q. Test for Establishing That Judgment Is Void on Its Face.** A judgment or order is void on its face when its invalidity appears from an examination of the judgment roll (*People v. Davis* (1904) 143 Cal. 673, 676, 77 P. 651; *Carrasco v. Craft* (1985) 164 Cal. App. 3d 796, 808, 210 Cal. Rptr. 599).

**R. Judgment Roll When Complaint Not Answered.** If the complaint is not answered by any defendant, the following papers, without being attached together, constitute the judgment roll: the summons, with the affidavit or proof of service; the complaint; the request for entry of default with a memorandum endorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment; if defendant has appeared by demurrer, and the demurrer has been overruled, then notice of the overruling thereof served on defendant's attorney, together with proof of the service; and in case the service is made by publication, the affidavit for publication of summons, and the order directing the publication of summons (Code Civ. Proc. § 670(a)).

☑ *(If checked paragraphs S-V are argued)* **The court should quash service of the summons due to lack of jurisdiction.**

**S. Motion to Quash Service of Summons.** On or before the last day of his or her time to plead, or within such further time as the court may for good cause allow, a defendant may serve and file a notice of motion to quash service of summons on the ground the court lacks jurisdiction over him or her (Code Civ. Proc. § 418.10(a)(1)).

**T. Compliance With Statutory Provisions Governing Service of Process Is Required.** Service of summons in conformance with the mode prescribed by statute is deemed jurisdictional, and, absent such service, no jurisdiction is acquired by the court in the particular action (*Renoir v. Redstar Corp.* (2004) 123 Cal. App. 4th 1145, 1150, 20 Cal. Rptr. 3d 603; *Schering Corp. v. Superior Court* (1975) 52 Cal. App. 3d 737, 741, 125 Cal. Rptr. 337; *Sternbeck v. Buck* (1957) 148 Cal. App. 2d 829, 832, 307 P.2d 970).

**U. Strict Compliance Necessary for Substituted or Constructive Service.** A court has no authority to render judgment on the basis of substituted or constructive service of the summons when statutory requirements have not been strictly complied with (*Summers v. McClanahan* (2006) 140 Cal. App. 4th 403, 412, 44 Cal. Rptr. 3d 338 (improper service on personal manager); *Zirbes v. Stratton* (1986)

187 Cal. App. 3d 1407, 1416, 232 Cal. Rptr. 653 (substituted service); *Eagle Electric Mfg. Co. v. Keener* (1966) 247 Cal. App. 2d 246, 251, 55 Cal. Rptr. 444 (same); *Bank of America v. Carr* (1956) 138 Cal. App. 2d 727, 737, 292 P.2d 587 (constructive service)).

**V. General Appearance After Default Judgment Does Not Validate Defective Service.** The general appearance after entry of a default judgment by a defendant who was defectively served with summons does not make the defective service retroactively valid (*In re Marriage of Smith* (1982) 135 Cal. App. 3d 543, 545, 547–552, 185 Cal. Rptr. 411).

**THE DEFENDANT ADDITIONALLY ARGUES:**

Defendant did not respond to documents in a timely manner due to unforeseen death of Mr.Garcia kids Mother. The following is a Factual time line of events. 11-14-2020 Mr. Garcia and oldest son get a video of his son's mother on a ventilator picture of video provided. They were told she had less than 60 day to live.

11-15-2020 Mr. Garcia and his oldest son received a call late at night from son in Seattle Washington with the news that his mother just passed away. They were told funeral arrangements where being made for the following week.

11-16-2020 Plaintiff claims that they served KMOG LLC the Blind Opposition To Motion to Quash through express mail. No such mailing was received, no express mail requiring a signature showing such document exist.

11-17-2020 Amendment to Complaint filed Mentioning Oscar Garcia as an officer of KMOG for first time. Plaintiff claims the mailed copy to KMOG, LLC. No form was received.

11-23-2020 early morning family started their drive from Riverside CA to Seattle Washington for funeral. Exhibit A: Priceline Itinerary provided

November 28th funeral in Seattle Washing was attended. Death certificate attached pictures of event attached see:

Exhibit A: Death Certificate Provided, Pictures of event.

12-01-2020  Arrived back to Riverside CA.

Mail was first picked up on December 1st where mailed copies of Plaintiff Opposition was first seen. In those packages request for all occupants was mentioned:

12/02/20 Alan Aguilar filed a response to Unlawful Detainer Prejudgment Claim Of Rights To Possession covering all person with rental agreements in property. Proof of rental agreement showing that agreement have been in place prior to foreclosure of the property.

Exhibit B Alan Aguilar answer to Unlawful Detainer Prejudgment Claim Of Rights To Possession Proof of Service

12-03-2020 process server serves documents from the blind opposition, …

Blind opposition states express mail on 11-16-2020 sent to KMOG no such document received no signature showing we received any documents.

12-08-2020 Redwood Holding serves vie Express Mail, Request For Admission, Request for Inspection and Production of Documents, Special Interrogatories, From Interrogatories -unlawful detainer and Form Interrogatories for Alan Aguilar.   Showing Plaintiff acknowledgement that a renter has been in property before their assumed purchase of property and a 90 days' notice is warranted not a 3 day notice to quit which is not enough time allowed by law in California under Governor Emergency order for current conditions of COVID relief.

Exhibit C: Proof of Service Interrogatories

1    12-14-2020 Alan Aguilar mailed interrogatories answers to Plaintiff

2    Exhibit D: Proof of service Answers to Interrogatories.

3

4    As the facts show all defendants that have been identified and accepted by Plaintiff as actual renters

5    due to their interaction with defendants request for answers have been answering all court

6    proceedings. The fact that one answer was missed due to an unforeseen death in today's Covid 19

7    emergency warrants by itself the removal of the default and a court date to address this action.

8

9

10

11    ☒ Continued on the attached declaration

12

13        For the aforementioned reasons, Defendant requests set aside of the default, and if applicable,

14    default judgment entered against him or her ☐ and requests that the Service of the Summons be set

15    aside for lack of jurisdiction.

16

17                        Dated:    12-18-2020

18

19

20                                KMOG, LLC Oscar Garcia

21

22

23

24

25

26

27

28

MOTION TO SET ASIDE- 10.

## DECLARATION

I, <u>Oscar garcia</u>                                , am the <u>Tenant</u>                                    in this matter,
and I declare the following in support of my motion to set aside the default in my case:

## CONTENTS OF THE PROOF OF SERVICE OF SUMMONS

1. I have reviewed the court file, and ❑ there is  ❑ there is not a Proof of Service of Summons filed in this case. (If there is not a Proof of Service of Summons filed, paragraphs 2-7 below are not asserted as part of this declaration).

2. The Plaintiff's Proof of Service of Summons states that ❑ I was personally served  ❑ I was served by substituted service.

3. Service allegedly took place on _____(date) at _____ (time) at _____
   _____ (address).

4. The Proof of Service of Summons describes the person served as being named
   _____, and having the following physical description:
   _____
   _____
   ❑ There was no physical description provided.

5. The Proof of Service of Summons identifies the server as ❑ a registered process server
   ❑ a Sheriff's Department employee ❑ a private individual.

6. As to the service of the Summons: (check <u>only</u> one):
   ❑ I do not contest the manner of service. I was served as described in the Proof of Service of Summons. (If checked, paragraph 7, below, is not asserted or claimed.)
   ☒ Although the Proof of Service of Summons claims that I was personally served, I was not served with the Summons and Complaint for the reasons described in the following paragraphs:

☐ Although the Proof of Service of Summons claims that I was served by substituted service, I did not live or work at the address I where substituted service allegedly took place, as described in the following paragraphs.

☒ Service of the Summons was invalid because:_____

Plaintiff files 11-17-2020 Amendment to Compliant no service of filing ever received

_____

_____

_____

_____

7. ☒The following facts support my contention in paragraph 6:_____

_____11-17-2020 Amendment of Compliant filed where Plaintiff added Oscar Garcia as a

factual respondent involved in case.  Plaintiff failed to serve Oscar Garcia as a person by mail

or in Person.._____

_____

_____

☐Continued on Attachment 7 to the Declaration.

## ACTUAL KNOWLEDGE OF THE LAWSUIT DEFAULT

8. I first learned about this lawsuit on or around _____12-11-2020_____(date). The way I first learned about this lawsuit was ☐being served with the Summons and Complaint; or ☐ as follows:

Family came back from the funeral there oldest kids mother on 12-01-2020 where they Picked up mail and reviewed documents.  Then tenants in the property responded with facts of their rental agreements.  Reminded Plaintiff of rental agreements and the person names they have serve.  On 12-14-2020 I (Mr. Garcia) then received returned submission by mail of tenant

answers to the unlawful detainer where the cover sheet response was claiming that court could not file these answers because there was a default on the case.

☐ Continued on Attachment 8 to the Declaration.

9. ☒ I was not evading service, so my lack of actual notice of this case is not the result of evasion of service.

INADVERTANCE, SURPRISE, MISTAKE, EXCUSABLE NEGLECT OR LACK OF NOTICE

10. I contend that my failure to respond was the result of inadvertence, surprise, mistake, or excusable neglect or lack of notice for the following reasons:

*Due to unforeseen death of Mr.Garcia kids Mother there was no mail and notices that we could have received due to the fact that the mail box keys where in the vehicle.*

Family came back from the funeral their oldest kids mother on 12-01-2020 were they Picked up mail and reviewed documents. Then tenants in the property responded with facts of their rental agreements. Reminded Plaintiff of rental agreements and the person names they have serve. On 12-14-2020 I (Mr. Garcia) then received returned submission by mail of tenant answers to the unlawful detainer where the cover sheet response was claiming that court could not file these answers because there was a default on the case.

See Exhibit E: Rental Agreements for Oscar Garcia and Alan Aguilar with utility bill proof.

As the facts show all defendants have been identified and accepted by Plaintiff as actual renters due to their interaction with defendants and all court proceedings. The fact that one answer was missed due to a unforeseen death in today's Covid emergency word warrant by itself the removal of the default and a court date to address this action.

❑Continued on Attachment 10 to the Declaration.

But for the above facts, I would have filed the Proposed Answer, attached as Exhibit G.

Plaintiff claims that Kmog, LLC is in bad standing and cannot represent itself in pro per.  Attached is the Certificate of good Standing from domicile state showing current status

Exhibit F: Copy Certificate of good standings.

Plaintiff states proof was the FTB forfeiture status.  FTB of California has been closed to fix any misunderstanding, they are currently not taking in request and or request are delayed to file updated docs for KMOG LLC since august. We have been dealing with these closures and delays from government offices we ask the court to take this into consideration.  California is not showing KMOG LLC in bad standing only the FTB showing updates needed to resolve tax filings which KMOG LLC is attempting to correct.  FTB website shows the ability to fix any issue if company is in Litigation which we are.

☒ I additionally wish the court to consider the following when evaluating my request to set aside the default:

Plaintiff claimed that they personally attempted to serve all occupants in person prior to the substitution of delivery.  Plaintiff submitted their proof of service as evidence showcasing dates from October 24 to October 28th 2020:  No such action took place during those times we have been working from home due to the COVID 19 crisis and never where visited from anyone authorized by Redwood Holding LLC to show proof they were the new owners and or they were serving us with documents proving they were owners and serving us with the proper documents showing the right time frames.  October 27 was used in their claims at 6:15am but that date is Mr. Garcia's Birthday he and family were home all day sense no celebration where to be risked during the Covid 19 crisis.

1 | Their claim that they have satisfied the personal proof of service prior to the Plaintiff using a

2 | substitution is false.

3 | In Addition, On the Kmog LLC response to Plaintiff we sited California ruling that no eviction or

4 | foreclosure should take place during the emergency order.  We sent documents showing we had a

5 | mortgage deferment from previous mortgage provider.  We stated 3 key points .

6 

7 | KMOG llc Flor Perez responded on this date to redwood holding.

8 | Alan Aguilar Responded to Redwood Holding LLC stating a lease agreement was in place 90 days

9 | notices were required for the notice to quiet.

10 | Oscar Garcia Responded to Redwood Holding LLC stating lease agreement were in place 90 days

11 | notices are required.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11. ☒ I have attached the following exhibits to this declaration in support of my motion to set aside the default:

    a. ☒ Exhibit A: Certificate of Death, Picture of funeral and Priceline Itinerary

    b. ☒ Exhibit B: Alan Aguilar answer to Unlawful Detainer Prejudgment Claim Of Rights To Possession Proof of Service and Cover Sheet

    c. ☒ Exhibit C: Proof of Service Interrogatories

    d. ☒ Exhibit D: Proof of service Answers to Interrogatories

    e. ☒ Exhibit E: Rental Agreements for Oscar Garcia, Alan Aguilar with utility bill and mail proof.

    f. ☒ Exhibit F: Copy Certificate of good standings

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                     Dated:    12/18/2020

                                       KMOG, LLC Oscar Garcia

                                       Flor Perez

MOTION TO SET ASIDE- 16

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am employed in the County of Riverside, California at PO Box 2417, Idyllwild, CA 92549. I am over the age of 18 and not a party to the within action.

On December 18, 2020, I served the Motion to Set Aside in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Corona, California, addressed to:

**Sam Chandra, 710 S Myrtle Ave # 600, Fullerton CA 91016**

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on December 18, 2020 at Corona, California

Kenia Martinez

## NOTICE TO QUIT

**TO: KMOG, LLC and Flor Perez, member manager**
and all other persons and/or entities in possession of the real property commonly known as: <u>16641 Pinnacle Peak
Court, Riverside California 92503 (the "Premises").</u>

1. **NOTICE IS HEREBY GIVEN that** Redwood Holdings, LLC purchased the Premises at OR AFTER a foreclosure
   sale held pursuant to the power of sale contained in a deed of trust in accordance with California Civil Code § 2924
   and that title to the Premises has been duly perfected.

2. Redwood Holdings, LLC is unaware of the status of the occupant(s), and therefore provides notice to quit as
   provided below.

3. **ALL PERSONS IN POSSESSION**, (excluding those that fall into an exception below), **MUST VACATE**
   **WITHIN 3 DAYS**. THIS DEMAND IS MADE PURSUANT TO Cal. Code Civ. Proc. § 1161a(b)(3);

   a. **Exception #1:** [CCP § 1161b]: Notwithstanding the above: If you are a tenant or subtenant in possession of a
      rental housing unit, who rents or leases the rental housing unit either on a periodic basis from week to week,
      month to month, or other interval, or for a fixed period of time, you **MUST VACATE WITHIN 90 DAYS.**
   b. **Exception #2. [PTFA]** Notwithstanding the above : If you are a Bona Fide Tenant in possession of the premises,
      **THEN YOU MUST VACATE WITHIN 90 DAYS;** A tenancy is Bona Fide only if: (1) the mortgagor or the
      child, spouse, or parent of the mortgagor under the contract is not the tenant; (2) the lease or tenancy was the result
      of an arms-length transaction; and (3) the lease or tenancy requires the receipt of rent that is not substantially less
      than fair market rent for the property or the unit's rent is reduced or subsidized due to a Federal, State, or local
      subsidy.

**YOU ARE REQUIRED** to quit and surrender possession of the Premises or the portion in which you reside to Redwood
Holdings, LLC or to the undersigned who is authorized to receive the same. Unless you vacate and deliver possession of
the Premises within the time described above, an unlawful detainer (eviction) lawsuit may be filed against you to recover
possession of the Premises, all damages (including monies pursuant to Code of Civil Procedure § 1174(b) and any other
damages allowed by law), costs and attorneys' fees.

**Note:** If you: (i) have a tenancy that requires the monthly payment of rent; (ii) claim to be exempt from the above because
you have a leasehold that survives foreclosure; (iii) have a tenancy that is protected under any local or State laws, such
as rent control or other eviction control law; (iv) you are in possession of the Premises and your name does not appear
on this notice - -please contact the following person and provide a copy of the written lease, and all rent receipts/ proof
of tenancy: Olivia Reyes at 2015 Manhattan Beach Blvd Suite 100, Redondo Beach, CA 90278, (310)6403070 x 2110.

**Any person in possession claiming tenancy: PER CC §1946.2** You are notified, that: 1. The Owner is removing this
unit from the rental market; 2. You have the right to relocation assistance in the amount of one month's rent or waiver
of your last month's rent. You are hereby provided with relocation assistance in the amount of one month's rent
through a rent waiver. No rent is due for the final month of your tenancy. The amount of this waiver is: $4,250.00.
However, if you fail to vacate after the expiration of this notice, then the actual amount of rent waiver shall be
recoverable as damages in an action to recover possession [CC §1946.2(d)(3)(B)].

**Note:** State law permits former occupants to reclaim abandoned personal property left at the former address of the
occupant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional
costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs
will be lower the sooner you contact the owner as listed above, after being notified that property belonging to you was
left behind after you moved out.

**Active Military:** If you are active in the United States Military or otherwise entitled to the benefits of the Service
members Civil Relief Act (50 U.S.C. App. § 501 *et seq.*), please contact the undersigned immediately. Note, proof of
status may be required and reviewed under Federal Law.

9/22/2020
_____                      _____
Date                                     Olivia Reyes, Authorized Agent of Owner

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov
COC2004547: REDWOOD HOLDINGS VS KMOG
Unlawful Detainer
Ltd Civil-Unlawful Detainer- Residential Over $10K
Corona Courthouse Department C1
Status: Active

| Complaints | File Date | Disposition |
|---|---|---|
| Unlawful Detainer Complaint of REDWOOD HOLDINGS, LLC | 09/29/2020 | |
| | | |
| Plaintiff(s) | Defendant(s) | |
| | | |
| REDWOOD HOLDINGS, LLC | KMOG, LLC | |
| ATT: LAW OFFICES OF SAM CHANDRA APC | FLOR PEREZ | |
| | UNKNOWN OCCUPANTS | |
| | OSCAR GARCIA | |

| Date | Action |
|---|---|
| 09/29/2020 | Complaint filed - Unlawful Detainer Over $10K/Under $25K. (Corona) |
| 09/29/2020 | Case Assigned to Department C1 - Unlawful Detainer. (Corona) |
| 09/29/2020 | Unlawful Detainer - Complaint and Party Information Entered |
| 09/29/2020 | Clerk's Notice of Complaint for Unlawful Detainer and Notice of Case Assignment to Departments for All Purposes. |
| 09/29/2020 | Hearing Re: UD OSC set 11/30/20 at 8:00 in CLEC |
| 09/29/2020 | Summons Issued on Unlawful Detainer Complaint of REDWOOD HOLDINGS, LLC and filed. |
| 09/29/2020 | Certificate of Counsel filed. The zip code is 92503. |
| 09/29/2020 | Civil Case Cover Sheet filed. |
| 09/29/2020 | UNLAWFUL DETAINER SUPPLEMENTAL COVER SHEET |
| 11/03/2020 | Motion to Quash Service of Summons on Unlawful Detainer Complaint of REDWOOD HOLDINGS, LLC filed by KMOG, LLC, FLOR PEREZ represented by PRO/PER. (Over $10,000 & Under $25,000) |
| 11/03/2020 | Hearing re: Motion to Quash Service of Summons set 11/17/20 at 13:00 in Department C1 |
| 11/09/2020 | Notice of Motion and Motion to Quash Filed By: KMOG, LLC, FLOR PEREZ |
| 11/09/2020 | Notice of Document Return. |

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov
COC2004547: REDWOOD HOLDINGS VS KMOG
Unlawful Detainer
Ltd Civil-Unlawful Detainer- Residential Over $10K
Corona Courthouse Department C1
Status: Active

Date        Action

11/16/2020  Blind Opposition to Motion to Quash on Unlawful Detainer Complaint
            of REDWOOD HOLDINGS, LLC

11/16/2020  Proposed Order on Unlawful Detainer Complaint of REDWOOD HOLDINGS,
            LLC

11/17/2020  Proof of Service
            Service Type: Substituted Service
            Date Served: 10/28/2020
            Additional Document Served: Certificate of Counsel
            Additional Document Served: Civil Case Cover Sheet
            Additional Document Served: Prejudgment Claim of Right to Possession
            (CP-10.5)
            Person Served: Oscar Garcia
            Filed By: REDWOOD HOLDINGS, LLC

11/17/2020  Proof of Service
            Service Type: Substituted Service
            Date Served: 10/28/2020
            Fee for Service: $65.00
            Additional Document Served: Certificate of Counsel
            Additional Document Served: Civil Case Cover Sheet
            Additional Document Served: Prejudgment Claim of Right to Possession
            (CP-10.5)
            Person Served: Oscar Garcia
            Filed By: REDWOOD HOLDINGS, LLC

11/17/2020  Proof of Service
            Service Type: Unknown Occupants - Posting & Mailing/Substituted
            Date Served: 10/28/2020
            Additional Document Served: Certificate of Counsel
            Additional Document Served: Civil Case Cover Sheet
            Additional Document Served: Prejudgment Claim of Right to Possession
            (CP-10.5)
            Person Served: Oscar Garcia
            Filed By: REDWOOD HOLDINGS, LLC

11/17/2020  Amendment to Complaint
            Filed By: REDWOOD HOLDINGS, LLC

11/17/2020  Plaintiff's Mandatory Cover Sheet and Supplemental Allegations
            (Unlawful Detainer)

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

COC2004547: REDWOOD HOLDINGS VS KMOG
Unlawful Detainer
Ltd Civil-Unlawful Detainer- Residential Over $10K
Corona Courthouse Department C1
Status: Active

---

Date        Action

11/17/2020  Request for Entry of Default on Unlawful Detainer Complaint of
            REDWOOD HOLDINGS, LLC
            Request For: Entry of Default
            Against / As To: UNKNOWN OCCUPANTS

11/17/2020  Minute Order: Hearing re: Motion to Quash Service of Summons on
            Unlawful Detainer Complaint of REDWOOD HOLDINGS, LLC by KMOG, LLC,
            FLOR PEREZ represented by PRO/PER

11/17/2020  Hearing re: Motion to Quash Service of Summons on Unlawful Detainer
            Complaint of REDWOOD HOLDINGS, LLC by KMOG, LLC, FLOR PEREZ
            represented by PRO/PER at 1:00 PM in Department C1 Honorable
            Christopher B. Harmon, Judge
            C. Zuniga, Courtroom Assistant
            Court Reporter: None
            APPEARANCES:
            REDWOOD HOLDINGS, LLC is present Telephonically, represented by LAW
            OFFICES OF SAM CHANDRA APC Telephonically, who is also present
            LAW OFFICES OF SAM CHANDRA APC is present Telephonically
            KMOG, LLC is not present
            FLOR PEREZ is not present
            Other Appearance Notes:
            Attorney Ratha Kea appearing on behalf of Law Offices of Sam Chandra
            APC, Eric Ratliff appearing on behalf of Redwood Holdings LLC
            This hearing is being live-streamed on the court's website for
            public access purposes. The court has published instructions for
            public access to this hearing at
            https://www.riverside.courts.ca.gov/PublicNotices/COVID-19-Court-
            Operations.php#court-appearances.
            At 01:19 PM, the following proceedings were held:
            Court has Read and Considered Motion to Quash and Proofs of Service
            Court inquires of counsel.
            Court Orders Proofs of Service Filed
            Court issues tentative ruling.
            Plaintiff's counsel submits on the court's tentative ruling.
            Court makes the following order(s):
            Motion to Quash Service of Summons on Unlawful Detainer Complaint of
            REDWOOD HOLDINGS, LLC by KMOG LLC; FLOR PEREZ denied.
            KMOG, LLC, LLC, FLOR PEREZ, LLC have/has 5 leave to file a
            responsive pleading on Unlawful Detainer Complaint of REDWOOD

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

COC2004547: REDWOOD HOLDINGS VS KMOG
Unlawful Detainer
Ltd Civil-Unlawful Detainer- Residential Over $10K
Corona Courthouse Department C1
Status: Active

| Date | Action |
|------|--------|
| 11/23/2020 | Notice Of Ruling<br>Filed By: REDWOOD HOLDINGS, LLC |
| 11/30/2020 | Date to send notice re OSC on Unlawful Detainer |
| 12/02/2020 | Request for Entry of Default on Unlawful Detainer Complaint of REDWOOD HOLDINGS, LLC<br>Request For: Entry of Default<br>Against / As To: KMOG, LLC |
| 12/04/2020 | Answer - UD and Prejudgment Claim of Right to Possession on Unlawful Detainer Complaint of REDWOOD HOLDINGS, LLC<br>Filed By: UNKNOWN OCCUPANTS |
| 12/04/2020 | Notice of Document Return. |
| 12/21/2020 | Proof of Service of Summons and Complaint<br>Service Type: Personal Service<br>Date Served: 12/03/2020<br>Fee for Service: $65.00<br>Additional Document Served: Certificate of Counsel<br>Additional Document Served: Civil Case Cover Sheet<br>Additional Document Served: Prejudgment Claim of Right to Possession (CP-10.5)<br>Person Served: Oscar Garcia<br>Filed By: REDWOOD HOLDINGS, LLC |
| 12/21/2020 | Request for Entry of Default Judgment. (Default Previously Entered) on Unlawful Detainer Complaint of REDWOOD HOLDINGS, LLC |

DOC #2020-0428641
09/11/2020 12:10 PM Fees: $23.00
Page 1 of 4
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

PLEASE COMPLETE THIS INFORMATION
RECORDING REQUESTED BY:

SYNRGO, INC.

AND WHEN RECORDED MAIL TO:
AND MAIL TAX STATEMENTS TO:

REDWOOD HOLDINGS, LLC

2015 MANHATTAN BEACH BLVD, STE 100

REDONDO BEACH, CA 90278

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: TAMMIE #535

Space above this line for recorder's use only

TRUSTEE'S DEED UPON SALE

Title of Document    16641 PINNACLE PEAK COURT
RIVERSIDE, CA 92503

**TRA:** 053-012

**DTT:** $683.10

**Exemption reason declared pursuant to Government Code 27388.1**

[✓] This document is a transfer that is subject to the imposition of documentary transfer tax.

[ ] This is a document recorded in connection with a transfer that is subject to the imposition
of documentary transfer tax.
Document reference:_____

[ ] This document is a transfer of real property that is a residential dwelling to an owner-
occupier.

[ ] This is a document recorded in connection with a transfer of real property that is a
residential dwelling to an owner-occupier.
Document reference:_____

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
($3.00 Additional Recording Fee Applies)

ACR 238 (Rev. 01/2018)              Available in Alternate Formats

RECORDING REQUESTED BY:

SYNRGO, INC.
AND WHEN RECORDED TO:

**REDWOOD HOLDINGS, LLC**
**2015 MANHATTAN BEACH BLVD., STE 100**
**REDONDO BEACH, CA 90278**

**Forward Tax Statements to**
**the address given above**

SPACE ABOVE LINE FOR RECORDER'S USE

TS #: **202-018971**
Order #: **95523860**
Property Address: **16641 PINNACLE PEAK COURT, RIVERSIDE, CA 92503**

# TRUSTEE'S DEED UPON SALE

A.P.N.: **135-501-002**

The Grantee Herein **was not** the Foreclosing Beneficiary.
The Amount of the Unpaid Debt together with costs was **$604,959.29**
The Amount Paid by the Grantee at the trustee sale was **$621,000.00**
Said Property is in the County of **Riverside** ( U N I N L O R P O R A T E D   A R E A )
Transfer Tax: $ 683.10

**PLM LOAN MANAGEMENT SERVICES, INC.,** as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to **REDWOOD HOLDINGS, LLC** (herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the certain real property situated in the County of **Riverside**, State of California, described as follows:

**SEE EXHIBIT "A" FOR LEGAL DESCRIPTION**

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **KMOG, LLC, A SINGLE MEMBER DELAWARE LIMITED LIABILITY COMPANY** as Trustor, dated **7/5/2016** recorded on **7/8/2016, as Instrument No. 2016-0285547,** of the Official Records in the Office of the Recorder of **Riverside**, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County, and such default still existed at the time of sale.

Trustee having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior

to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

All requirements per California Statutes regarding the mailing, personal delivery of copies of Notice of Default and Election to Sell under Deed of Trust and the publication and posting of copies of Notice of Trustee's Sale have been complied with.  Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **9/1/2020**.  Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$621,000.00**, in lawful money of the United States or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the time of the Trustee's Sale.  Receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust at the time of Trustee's Sale.

If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the purchase price paid.   The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney.

In witness thereof, **PLM LOAN MANAGEMENT SERVICES, INC.**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date: **9/2/2020**                          **PLM LOAN MANAGEMENT SERVICES, INC.**

By: _____
          **Elizabeth Godbey, Vice President**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF California
COUNTY OF Santa Clara

On 9/2/2020 before me, ELLEN JEFFREY, a Notary Public personally appeared, Elizabeth Godbey who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____                    (Seal)
Notary Name

ELLEN JEFFREY
Notary Public – California
Santa Clara County
Commission # 2180341
My Comm. Expires Feb 12, 2021

Oscar Garcia
1641 Pinnacle Peak Ct
Riverside, Ca 92503



CSO GLOBAL

X-RAYED

Clerk of Court
255 E. Temple St
Suite TS-134
Los Angeles, CA 90012

RECEIVED
CLERK, U.S. DISTRICT COURT

DEC 24 2020

CENTRAL DISTRICT OF CALIFORNIA



UNITED STATES POSTAL SERVICE

**P**   US POSTAGE PAID   Retail
**$7.50**   Origin: 92877
12/22/20
0517950741-16

PRIORITY MAIL 1-DAY®

0 Lb 10.00 Oz
1006

EXPECTED DELIVERY DAY: 12/23/20   C032

SHIP
TO:   255 E TEMPLE ST
STE 134
Los Angeles CA 90012-3309

USPS TRACKING® NUMBER

9505 5130 1319 0357 8394 45